No. 8.—WILLIAM METHVIN, plaintiff in error, *vs.* MARY A. METHVIN, defendant in error.

[1.] Upon proof of marriage and suit for divorce, a Court will not very strictly scrutinize the conduct of a wife, for the purpose of determining her right to temporary alimony.

[2.] The Court will look to the facts, so as to ascertain the amount of the wife's separate fortune, in determining whether such allowance be needed or not, and in fixing its amount.

In Equity, in Twiggs Superior Court. Application for alimony. Decided by Judge POWERS, September Term, 1853.

Mary a Methvin commenced her libel for divorce against her husband, William Methvin, in Twiggs Superior Court, pending which she filed a bill of *ne exeat,* and made application for temporary alimony and counsel fees. To this application defendant filed his answer, in substance, as follows: "He admitted his intermarriage with the petitioner, in the year 1827; that at the time of the separation in 1829, he allowed her to keep all the property which had been given her by her father, amounting, in value, to $450; that he has been informed that petitioner owns and possesses thirteen negroes,

worth $5050; that the petitioner had been guilty of grossly immoral conduct—they had lived in adjoining counties, since the separation. He admits that he has, by labor and industry, acquired the estate mentioned in the application, worth some $33,000. At the September Term, 1853, the application for alimony and counsel fees came on to be heard, when the defendant, Methvin, proved by Samuel M. Carsville that the petitioner has in her possession thirteen negroes, left by her father's will to John Manson, in trust for her, and that said negroes were worth nothing for hire; that they had been, and still were, an expense. The defendant then moved the Court to be permitted to introduce evidence going to establish the plea of defendant in the libel case, to-wit: that libelant was intemperate and had been guilty of imprudent conduct with other men—which motion the Court refused, and counsel for defendant excepted.

Whereupon, the Court proceeded to pronounce its judgment, in part, as follows:

"On proof of marriage, the law raises the right to alimony, and it would be extremely hard if the wife were not put on an equal footing with the husband, on the score of means, to prosecute the suit. If the wife has a separate estate, and equal to the husband's, and under her control, so as to be available for her, in this behalf, then this ought to be taken into consideration, and this will only be taken into consideration to fix the amount of alimony, and if she has property sufficient to afford her ample defence and support, alimony will be refused; but the grant of alimony, itself, does not depend upon this question, to-wit: that she has some property, but only for the purpose of ascertaining the amount to be awarded to her, if any, under all the circumstances. Time can never amount to evidence of condonation, but the length of time makes the offence of the husband's abandonment greater, and the doctrine of mutual separation cannot apply. And the Court refuses to look into the merits of the application for divorce, on this petition for alimony, confining itself, alone, to the fact of marriage and the amount of alimony".

Whereupon, the Court awarded to the counsel in said case, the sum of five hundred dollars, and twenty-five dollars per month to the libelant.

To which rulings and decisions of the 'Court, counsel for defendant excepted.

Poe, Nesbit and Poe, for plaintiff in error.

Scarborough, for defendant in error.

*By the Court.*—Starnes J. delivering the opinion.

[1.] In the case of *McGee vs. McGee,* (10 *Ga. R.* 477,) it was decided that our Superior Courts have the power which the Ecclesiastical Courts had in England, to grant alimony *pendente lite,* as incidental to their right to entertain the suit for divorce.

In these Courts it was not the practice, very strictly, to scrutinize the conduct of a wife, for the purpose of determining her right to temporary alimony. This allowance was made, almost as matter of course, upon a proof of marriage and pendancy of suit for divorce. (2 *Burn's Ecc. L.* 433, 436. 2 *Dick. R.* 498, 582. *Cro. Car.* 10.) *Mix vs. Mix,* (1 *John. Ch. R.* 110.)

The Courts held that it was better to wait until the trial, when both parties could be heard and the case fully investigated, before they undertook to reject the claim for alimony.

[2.] The Court, however, may look into the facts, so as to ascertain the amount of the separate fortune of the wife, and regulate its grant by that; for if the wife have a considerable estate, and do not need this allowance, in order that she may be put in a position to prosecute and maintain her suit, this, of course, should influence the Court in the exercise of its discretion. The incidental power to make this allowance, arises from the fact that the wife, by her coverture, should not be placed in a position by which she has a right, without the ability to enforce and secure a remedy for its violation.

The objections so strenuously urged to this order for tempo-

rary alimony, growing out of the conduct of the wife, her long acquiescence without suit, &c. may be of much service upon the trial; but for the reasons given, should not influence the Court in the grant of temporary alimony.

As well as we can form an opinion from the record, we think that the allowance was altogether too great, and we are not surprised that the counsel for the defendant, with the firm belief which he expresses in the justice of his client's cause, has felt this to be a grievous wrong to that client. It is the result, however, of a discretion which, for wise and benevolent purposes, the law has intrusted to the Circuit Judge; and with which we think we should not interfere, unless a more flagrant abuse of it appears, than is presented in this record.

Judgment affirmed.