JOHN PINCKARD, plaintiff in error, *vs.* SARAH A. PINCKARD, defendant in error.

In a suit for divorce, against the husband, an order was made, requiring him to pay the wife, a certain sum, as a fee to her counsel, and certain monthly sums, as alimony for herself; he failed to pay her any thing, and a rule was taken against him, requiring him to show cause, why he should not be committed for a contempt; he showed, for cause, the state of his pecuniary means; and the state of his bodily health. The state of these was such, as to make it apparent, that the sums required of him by the order, were too large. The Court made the rule absolute. *Held*, that instead of doing this, the Court ought to have reduced the sums required of the husband, in the order.

Libel for Divorce, in Monroe Superior Court. Decision by Judge CABINESS, at Chambers, July, 1857.

Motion to commit for contempt.

In answer to a rule, calling upon John Pinckard, the de-

fendant below, to show cause at Chambers, why he should not be committed for a contempt of the Court, in failing and refusing to pay a certain sum or sums of money, which, by a former order of the Court, made in this case, he was required and directed to do, for counsel fees and alimony *pendente lite*, adjudged to libellant. Respondent showed for cause,

1st. That he could not be called on to answer, nor could any order be made in the premises, at Chambers, but only at and during the Term of the Court. This was by demurrer.

2d. That from his very limited means, he was unable to pay the amount which he was ordered to do. And respondent sets out the property which he owns, his means of support, and the condition and circumstances of himself and family. This was by answer.

Upon hearing the rule, answer and evidence, the Judge made the rule absolute, and respondent was ordered into the custody of the Sheriff, until said contempt should be purged, by the payment of the amount adjudged and allowed for alimony *pendente lite*, and counsel fees.

To this decision counsel for respondent excepted, and assigns the same as error.

GIBSON; and HARMAN & POLHILL, for plaintiff in error.

TRIPPE, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The answer of John Pinckard to the rule *nisi*, was, that he had had no money or effects, out of which to pay the money required of him except, about twenty-five dollars in cash, (which he had spent in clothing and other necessaries, for himself and a son about eight years old,) and a negro man and a negro boy whose joint hire was exhausted in the support of himself and his said son. That by reason of bodily infirmity he was wholly unable to labor for any purpose

Pinckard vs. Pinckard.

whatever; and that his failure to pay said money was not from a design on his part to commit a contempt of Court.

No issue was taken on this answer. The answer therefore, is to be taken to be true.

And it amounts to saying, that the money and property mentioned in it, were all the money and property that John Pinckard had had, since the order had been passed, requiring him to pay the sums of money mentioned in the order.

Those sums were, $100, as a fee, to the counsel of Mrs. Pinckard, and between $60, and $100, as alimony at $17 a month, to Mrs. Pinckard.

We think that if the answer was true (and we are obliged to take it to have been true, as the case stands,) the sums required of John Pinckard were too large; and, therefore, we think that, either the order for their payment must have been improvidently granted, or, that, after the order was granted, a change of some sort occurred in his pecuniary affairs, by which his means were so much reduced, as to render the sums required of him, by the order, excessive.

But if the sums required of him were too large, the Court, we think, should have reduced them instead of exacting them to the full.

And, therefore, we think, that the Court was wrong in making the rule absolute, and ordering him to jail.

This view is founded, exclusively, upon the assumption, that the answer is true. Of course, Mrs. Pinckard may take issue upon the answer. And if she does take issue on it? The course of the Court below, ought to be regulated, by what shall be developed on the trial of that issue.

It becomes needless to notice the judgment on the demurrer.

Judgment reversed.