## WESTER v. MARTIN.

A judgment awarding temporary alimony is subject to revision by the court at any time. Where, therefore, a judgment has been rendered awarding temporary alimony and counsel fees to the wife, and a rule nisi is issued calling upon the husband to show cause why he should not be attached for contempt for not having paid the counsel fees, and he answers that he is unable, on account of his poverty, to pay them, it is error to reject evidence offered to prove the truth of this answer. It is also error in such a case to strike the answer, and to attach the husband for contempt without permitting him to be heard.

Submitted May 1,— Decided June 11, 1902.

Rule for contempt. Before Judge Roberts. Pulaski superior court. August 27, 1901.

*H. E. Coats* and *Black & Jackson,* for plaintiff in error.
*J. H. Martin,* contra.

SIMMONS, C. J. Suit for divorce was brought by Mrs. Wester against her husband. She applied for temporary alimony and counsel fees; and at the hearing of the application the court rendered

judgment awarding her a certain sum per month and a certain sum
for counsel fees.  This latter was to be paid within thirty days.
Subsequently the husband and wife became reconciled.  The wife
returned to the husband, and they again lived together as man and
wife.    Martin, the attorney of Mrs. Wester, applied to the court
for a rule nisi against Wester, calling upon him to show cause why
he should not be attached for contempt for failing to pay the attor-
ney's fees.    The rule issued, and Wester answered that he was un-
able then, and had been since the rendition of the judgment, to pay
the counsel fees; that he intended no disrespect to the court in fail-
ing to comply with its order, but that his poverty rendered compli-
ance impossible.  He offered to show by evidence the truth of his
answer.  The court rejected this evidence, struck the answer, and
committed Wester to jail for contempt of court.    Wester ex-
cepted.

It is the settled law in this State that an order for a husband to
pay temporary alimony and counsel fees is always within the dis-
cretion and control of the court. Civil Code, § 2459.  It is not a final
adjudication that binds the husband so as to prevent his showing his
inability to pay.  The court may at any time, upon proper applica-
tion and proof, change, modify, or alter the order, or even annul it
altogether.  The answer of Wester was sworn to, and was not trav-
ersed, and for the purposes of this argument it will be assumed
to be true.  Assuming this, the order of the court granting the al-
imony and counsel fees must have been improvidently granted, or
else some change has since occurred in the pecuniary affairs of
Wester so as to render the amount awarded excessive.    *Pinckard
v. Pinckard*, 23 *Ga.* 286, is on its facts almost identical with this.
There Pinckard had been ordered to pay alimony and counsel fees.
A rule was issued against him to show cause why he should not be
attached for contempt in failing to comply with the order.  He an-
swered by showing his inability, on account of poverty, to pay the
sum awarded.  The judge made the rule absolute, and this court
held that he should have reduced the sum required of Pinckard in
the order granting the alimony.  This case controls the case un-
der consideration, and it follows that the judge erred in refusing to
hear evidence in support of the answer, and in striking the answer.
See also 1 Enc. Pl. & Pr. 437, 438.  The above is on the assump-
tion that the answer is true.  Of course Martin may traverse it

and show the court that it is untrue. If this is done, the court may regulate its judgment accordingly. *Briesnick* v. *Briesnick*, 100 *Ga.* 57, and the other cases relied upon by the defendant in error are cases wherein permanent alimony had been granted by the verdict of a jury and a judgment of the court. There is a great difference between an order- allowing temporary alimony and a verdict and judgment for permanent alimony.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*