## MELVIN *v.* MELVIN.

1. The judge was authorized, under the pleadings and evidence, to award temporary alimony and counsel fees to the wife, and the allowance was not excessive.
2. The writ of injunction to restrain a husband from incumbering or disposing of his property pending a divorce and alimony suit should not be granted, where the husband is neither attempting nor threatening to sell or encumber his property, and no other equitable ground for the issuance of the writ is shown to exist.

Submitted May 25,—Decided August 9, 1907.

Application for temporary alimony. Before Judge Spence. Calhoun superior court. December 4, 1906.

*Sam. S. Bennet,* for plaintiff in error.

*J. R. Pottle* and *C. L. Glessner,* contra.

EVANS, J. The wife filed a petition against the husband, praying a divorce, an allowance of alimony and attorney's fees, and an injunction against the husband encumbering or selling his property pending the suit. On the interlocutory hearing the court awarded the wife counsel fees and temporary alimony, and enjoined the defendant from encumbering or selling his property until final decree. The defendant excepts on the grounds, that the wife is not entitled to alimony under the case made; that the allowance was excessive; and that no cause for an injunction pendente lite was shown.

1. The ground for divorce was cruel treatment; the truth of the allegations was denied by the defendant. It appeared that both husband and wife had been previously married. By the husband's former marriage he had two minor sons, and by the wife's former marriage she had a minor daughter. The wife also had a separate estate which, previously to the marriage, had yielded an annual income of about four hundred dollars. The court allowed as alimony a present sum of seventy-five dollars, and a monthly allowance of fifteen dollars until final decree, and counsel fees to the extent of fifty dollars. There was proof that the husband was a good business man, worth about ten thousand dollars, and received from the management of his property an annual net income of about one thousand dollars. The Civil Code, §2458, declares: "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; he may also consider any evidence of a separate estate owned by the wife; and if such estate is ample, as compared with the husband's, temporary alimony may be refused." The court may also consider the fact that the wife has a minor daughter by a former marriage, dependent upon her for a support. The husband is under no legal duty to support his step-daughter; and the court, in estimating the wife's income from her separate estate, should take this circumstance into consideration. The allowance was authorized by the evidence, and was not excessive.

2. The petition did not allege that the husband was disposing

of his property, or encumbering it, or even threatening to do so. Nor did the petition allege any special reason why the husband should be enjoined from disposing of or encumbering his property. No proof was submitted that the husband was attempting or even contemplating the transfer of his property to defeat the wife's claim for alimony. A wife may in a proper case apply for an injunction to prevent the husband from alienating or encumbering his property to defeat her claim for alimony, but she can not resort to this extraordinary remedy solely because she may be entitled to have her husband pay her alimony. Before the writ of injunction can properly issue, it must appear from the special circumstances of the case that the issuance of the writ is essential to the protection of her right to alimony. The court therefore erred in granting a temporary injunction.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*