## ARNOLD *v.* ARNOLD.

1. A trial judge does not abuse his discretion in refusing to continue the hearing of an application for temporary alimony, based on a suit for divorce, until pending proceedings in a court of ordinary, inquiring into the sanity of the applicant, are determined.
2. Whether the court committed reversible error in refusing to hear evidence as to the sanity of the applicant, under the special facts of this record, is not decided.
3. In a suit for divorce, alleging as grounds therefor adultery and cruel treatment, either party may testify with respect to the alleged cruel treatment, but not with respect to adultery. The Civil Code, § 5861, makes parties wholly incompetent to testify only when adultery is the sole basis of a suit, action, or proceeding.
4. It was an abuse of discretion, under the facts of this case, to award the plaintiff $30 counsel fees, $75 cash, and $30 per month as temporary alimony.

DECEMBER 19, 1913.

Temporary alimony, etc. Before Judge Mathews. Bibb superior court. February 8, 1913.

*Sidney W. Hatcher,* for plaintiff in error.

HILL, J. 1. On February 8, 1913, this case came before the trial court on the application of Mrs. D. F. Arnold for temporary alimony and attorney's fees, pending the trial of divorce proceedings filed by her against her husband, D. F. Arnold. At the hearing on the question of temporary alimony, counsel for the defendant moved to continue the case, upon the ground that a petition for a writ of lunacy had been filed in the court of ordinary of Crawford county to inquire into the sanity of the plaintiff, and that the hearing upon the writ was set for February 17, 1913. In support of this motion counsel presented a certified copy of the lunacy proceedings in Crawford county, which was admitted in evidence, showing that the lunacy hearing was assigned for February 17th, as contended. Movant insisted, that, inasmuch as no plaintiff could bring suit for divorce unless at the time such person was sane, the hearing of the lunacy case in Crawford county should be first had to determine that question, and that the alimony case should be postponed until some time subsequent to the date set for the hearing of the lunacy case. The court overruled the motion and ordered the hearing to proceed; and the defendant assigns such ruling as error. Every motion for continuance is addressed to the sound legal discretion of the court. Civil Code, § 5724. If the court of ordinary should subsequently find the plaintiff to be insane, it would only adjudicate that the plaintiff was insane at the time she was so declared, and would not conclusively adjudicate the question of her sanity at the time of filing the petition for divorce and alimony, or at the time of the hearing on the question of temporary alimony. The value of such an adjudication as evidence of prior insanity need not be discussed, as the court was not bound to continue the case before him until the court of ordinary had acted, and it was within his discretion to refuse to do so.

2. Error is also assigned on the refusal of the court to admit evidence of a physician, to the effect that the plaintiff was of unsound mind and was mentally irresponsible. The bill of exceptions recites that the court sustained a motion of counsel for the plaintiff to exclude this evidence "upon the ground of irrelevancy, for the reason that all persons were presumed to be sane." The exception

to this ruling was "that the defendant had the right to put the insanity of the plaintiff in issue; for that if she was not of sound mind, she could not maintain a suit for divorce and alimony." The defendant's answer, after denying the material allegations of the petition for divorce and alimony, proceeded as follows: "Answering further, defendant says that his said wife is not of sound mind and not responsible for the charges made against him and others, as set out in paragraphs 4, 5, and 6 of the petition. Defendant shows that petitioner was intimidated and led on to make said charges by others, to wit, M. M. Arnold, son of the defendant, and J. L. Marshall, the father of petitioner, both of whom entertain grudges against defendant, and maliciously chose this means of trying to injure defendant." While the reason given for the exclusion of the evidence by the court is an insufficient one, the defendant only excepts to the ruling on the ground that he had a right to show insanity of the plaintiff because if she was of unsound mind she could not maintain her suit for divorce and alimony. The averments of the answer quoted above were not sufficient to question the plaintiff's right to bring or maintain the suit because of insanity. It does not measure up to the requisites of a plea in abatement, but is merely an allegation that the plaintiff is mentally irresponsible for the charges brought against the defendant and others, that is, that the charges were to be discredited or disregarded because the plaintiff was not mentally responsible for making them, but had been led on by others to do so. While under the pleadings the evidence was not admissible for the purpose of attacking the plaintiff's capacity to sue, on the other hand it was improper for the court to exclude it generally for the reasons given. As the judgment is reversed on the merits, we do not consider it necessary to decide whether the exclusion of the testimony, under the circumstances of this case, would or would not amount to reversible error.

3. On the hearing the defendant offered his own testimony, as follows: "I am not guilty of the charges of adultery brought against me by the witnesses, Monroe Arnold and H. D. Arnold. I have never mistreated my wife. My wife left home voluntarily. I did not drive her away; she went away of her own accord." The court on motion of plaintiff's counsel excluded this evidence, on the ground that it was prohibited by the statute on account of the

marriage relationship existing between the plaintiff and the defendant. The suit for divorce was predicated on the grounds of adultery and cruel treatment on the part of the husband. The defendant excepted to the exclusion of the testimony, on the ground that he was competent to deny the allegation in the petition that he was guilty of cruel treatment and that he drove his wife from home, and to show that her separation from him was voluntary. It is argued that when a suit is instituted for divorce upon the ground of adultery and also upon the ground of cruel treatment, it can not be ascertained from the allegations of the petition whether the plaintiff relies upon the one ground or the other, or upon both, and therefore it is error to exclude the testimony of the husband denying that he is guilty of adultery. Our Civil Code, § 5861, provides: "Nothing contained in section 5858 shall apply to any action, suit, or proceeding in any court, instituted in consequence of adultery, or to any action for breach of promise of marriage." The action here is instituted in consequence of the alleged adultery of the defendant, and also in consequence of cruel treatment; and that being so, we think the defendant was competent to testify as to the allegations of cruel treatment. The act of 1866, as contained in the Civil Code, § 5861, was intended to apply only to cases brought solely in consequence of adultery. As to that question, neither the husband nor the wife can testify. But where there are other complete grounds for divorce, both the husband and the wife are competent to testify as to such other grounds. If the divorce was sought solely on the ground of cruel treatment, both would undoubtedly be competent to testify as to such ground; and if adultery should be charged as an additional ground, this is no reason why each should not be competent to testify on the question of cruel treatment.

In reaching this conclusion we bear in mind the rulings in the cases of *Cook* v. *Cook*, 46 *Ga.* 308, *Sloan* v. *Briant*, 56 *Ga.* 59, and other cases; but in those cases the suit or action was solely in consequence of adultery. We think, therefore, the purpose of the act above referred to was to exclude parties from testifying in any case or proceeding in any court instituted solely in consequence of adultery, but that it would not exclude them from testifying as to matters involved other than adultery. But they could not testify to the adultery, nor could their testimony as to any fact be con-

sidered on that question. It follows that the court erred in rejecting the evidence of the defendant which related solely to the question of cruel treatment.

4. The only other question in the case is whether the court abused its discretion in granting temporary alimony and counsel fees. The court allowed the plaintiff $30 as counsel fees, $75 in cash, and $30 a month from March 8, 1913. The defendant excepted to the judgment, on the ground that the same is not authorized by the evidence, is contrary to the evidence and contrary to law, and an abuse of discretion upon the part of the trial court. In granting temporary alimony the judge has a wide discretion, and his discretion will not be disturbed unless abused. The schedule of the property filed by the plaintiff, as owned by the defendant, was as follows: one horse and buggy; household and kitchen furniture; five plows; four rakes; two pitchforks; two chests of tools; five hundred bundles of hay; one shotgun; one wheelbarrow. The evidence tended to show that the horse and buggy was levied on for debt, and that the household goods were worth about $300. The tools were worth about $100; 30 bales of hay located on the premises were worth about $20; and 400 bales of the hay were stored at a warehouse, with a lien thereon for rent and warehouse charges, about equivalent to the value of it. The defendant is a carpenter by vocation, but at the time of the hearing was out of employment, and owned no real estate. No income from any other source was shown, nor property other than that above enumerated. There is no evidence in the record that the plaintiff and defendant are living in a state of bona fide separation. The petition alleges a state of separation, but this is denied by the answer; and there is no affirmative proof showing that the plaintiff and defendant are living apart. The judgment for alimony, if maintainable at all, must therefore be predicated on the suit for divorce. There is no evidence to support the allegations of cruel treatment. On the ground of adultery, the evidence does not support the charges made in the petition. In view of all the foregoing, we think the court abused his discretion in allowing to the plaintiff the amount of temporary alimony and attorney's fees fixed by the judgment complained of.

*Judgment reversed. All the Justices concur.*