## TAYLOR v. TAYLOR.

JENKINS, Justice. 1. Although the husband denied that he drove the wife from the home with a gun or otherwise, and on cross-examination she testified that he did not point a gun at her or threaten her with it, she stated on direct examination that "he got a shotgun and told me to get out," and continued to testify on cross-examination that he "had it when he told me to leave." This evidence was sufficient to authorize a finding by the judge that the wife, under her petition for alimony without a divorce, had been "driven off by her husband," and therefore was entitled to temporary alimony. Code, §§ 30-205, 30-210, 30-213. See *Gaulding* v. *Gaulding*, 184 *Ga.* 689 (192 S. E. 724).

2. "A reasonable allowance [for temporary alimony] under all the circumstances is proper, even though the husband at the time of the hearing may have no property or employment," and be merely of a robust health with an earning capacity. *Hall* v. *Hall*, 185 *Ga.* 502 (4), 506 (195 S. E. 731), and cit. The discretion of the judge in awarding amounts for temporary alimony and attorney's fees will not be disturbed, unless it has been flagrantly abused. *Brown* v. *Brown*, 159 *Ga.* 323 (125 S. E. 713); *Houston* v. *Houston*, 186 *Ga.* 140 (197 S. E. 237); *Tillman* v. *Tillman*, 187 *Ga.* 567 (1 S. E. 2d, 676).

(*a*) "The order allowing [temporary] alimony shall be subject to revision by the [trial] court at any time." Code, § 30-204; *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415); *Henderson* v. *Henderson*, 170 *Ga.* 457, 460 (153 S. E. 182). If, after an allowance for *temporary* alimony and counsel fees, the husband becomes unable to meet the payments, he is entitled to show this, and the court has jurisdiction to entertain an application for a reduction of the amounts. *Wester* v. *Martin*, 115 *Ga.* 776 (42 S. E. 81).

(*b*) Under the evidence, the husband was a hard-working negro farmer, who had only a half interest in such profit as he might make from a 1939 crop, from which, as he testified, he expected nothing; and $100 in bonus bonds, a 1931 automobile in running condition but "not worth much," and nothing more. While, in view of these limited resources, the allowances of $15 for attorney's fees, payable at $5 a month, and $20 a month for temporary alimony, payable at $5 a week, appear liberal and likely soon to exhaust all the present assets of the husband, yet since such properties were sufficient at the time of the order to meet the current payments, and the question as to profit from the 1939 crop was not determined, this court will not hold that the awards were an abuse of discretion, especially in view of the sick condition of the wife, and the power of the court later to reduce the amounts, if the circumstances should render such an order proper.

*Judgment affirmed. All the Justices concur.*

No. 13014. OCTOBER 11, 1939.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*Williams & Freeman,* contra.