## REESE *v.* REESE.

No. 13009. NOVEMBER 20, 1939.

*Casey Thigpen,* for plaintiff in error.
*Ficklen & Pilcher,* contra.

REID, Chief Justice. A judgment for temporary alimony of $4 per month, and $10 attorney's fees, to be paid in $5 installments, was rendered against the plaintiff in error. He failed to pay the first installment of alimony and attorney's fees, and was cited to show cause why he should not be adjudged in contempt. In defense to the rule he pleaded his inability to pay. After hearing evidence the judge found against him, and we are asked to review and reverse this judgment.

"An attachment for contempt for failure to pay an amount awarded as temporary alimony is in the nature of a civil proceeding; is is remedial, its purpose being merely to compel obedience to the order of the court requiring the payment of the amount allowed as temporary alimony." *Beavers* v. *Beavers,* 148 *Ga.* 506 (97 S. E. 65) ; *Heflinger* v. *Heflinger,* 172 *Ga.* 889 (159 S. E. 242, 76 A. L. R. 386) ; *Drakeford* v. *Adams,* 98 *Ga.* 722 (25 S. E. 833); *Aulo Highball Co.* v. *Sibbett,* 11 *Ga. App.* 618 (75 S. E. 914). It has accordingly been held that proof of inability to comply with the judgment of the court in the payment of the sums awarded as temporary alimony is a good defense to the rule. *Pinckard* v. *Pinckard,* 23 *Ga.* 286; *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81) ; *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546) ; *Porter* v. *Porter,* 178 *Ga.* 784 (174 S. E. 527) ; *Nelson* v. *Nelson,* 150 *Ga.* 671 (104 S. E. 779) ; *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611). This does not mean that it is sufficient for the defendant to show merely that he has not money, or property which he might convert into money, with which to satisfy the alimony installments, but it must be made to appear clearly that he has in good faith exhausted all the resources at his command and has made a diligent and bona fide effort to comply with the order of the court. While the defendant alone introduced evidence at the hearing, the total effect of his evidence serves only to make it doubtful whether he could by diligent effort comply with the judgment. He testified that he operated a farm, consisting of 173 acres, and had six children ranging from seven to nineteen years, who resided with him and were dependent upon him for support. While he testified that his farm was mortgaged to the full extent of its value, and that all of his personal property was mortgaged to the government under the Farm Security Administration, and that he was without funds, and that he was sick and could not get meat and flour for his family except as given him by the government agent, nevertheless the judge may well have concluded that a man owning an equity in and operating a 173-acre farm might by diligent effort raise the small sum of $4 per month as contribution toward the support of his wife. The evidence was by no means so strong and clear as to demand a finding in favor of the defendant. He admitted that he managed to "furnish $1 on the gasoline" for his attorney's car for a trip made by his attorney in attendance upon his case. He did not disclose how he procured

this sum or why he had not obtained any such sum to be applied on the judgment for alimony and attorney's fees. We can only say here what was so forcefully said by Judge Bleckley in *Lester* v. *Lester,* 63 *Ga.* 356: "We can not say that the judge, under the circumstances, abused his authority in not accepting the respondent's answer as satisfactory and in ordering an attachment for contempt. The attachment will bring the actual resources of the respondent to a practical and decisive test. Pressure is a great concentrator and developer of force. Under the stress of an attachment, even the vision of the respondent himself may be cleared and brightened, so that he will discern ways and means which were once hidden from him, or seen obscurely. . . In reducing him to the alternative of prompt payment each month or of being attached, the judge has put the respondent on the vantage side of all his resources, whatever they may be."

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*