## AYERS *v.* AYERS.

No. 13584. March 14, 1941.

*Forrest C. Oates Jr.,* for plaintiff in error.
*Henry A. Stewart* and *John L. Tison,* contra.

Reid, Chief Justice. The present writ of error contains the oft made but rarely sustainable assertion that the trial judge has abused the discretion vested in him in granting temporary alimony. The evidence consisted of the testimony of the parties. The plaintiff testified that the defendant had cruelly treated her, had deserted her without cause, and had not contributed anything to her support. The defendant denied any cruel treatment of the plaintiff, and asserted that he had separated from her because of her cruel treatment of him. As to their respective financial condition, the parties were in agreement. It appears that both were employed at the Cedartown Yarn Mill, which was operating "on short time," the plaintiff earning $12 and the defendant $13 per week. When

they worked full time the plaintiff earned about $13 and the defendant about $15 per week. The defendant owned a house and two lots valued at $800, subject to a loan of $288, which he rented for $13 per month, and he paid $10 per month on the loan in addition to the payment of insurance and taxes thereon. He owned personal property of the approximate value of $200. The plaintiff owned no property, and neither of the parties had dependents, the two children, issue of the marriage, being grown and self-supporting. The judge awarded to the plaintiff $10 per month as alimony, and $15 attorneys' fees, payable $5 per month.

The argument is that it was an abuse of discretion to grant alimony, because there was a conflict as to whether the plaintiff or the defendant or both were at fault, and it appeared that both were employed and the income of each was practically the same. These were matters which might have been pressed before the judge as a reason for the exercise of his discretion in favor of a denial of temporary alimony, but they do not illustrate that an award of alimony was an abuse of his discretion. The financial condition of the defendant was such as would support an award of alimony, and the amount does not appear excessive. The Code, § 30-203, provides that "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; also any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony *may be refused.*" Thus, while the judge might have refused the plaintiff alimony, he was not required to do so in the circumstances presented. See *Methvin* v. *Methvin,* 15 *Ga.* 97 (60 Am. D. 664). In *Hamilton* v. *Hamilton,* 174 *Ga.* 624 (163 S. E. 158), where it was held that the judge abused his discretion in awarded temporary alimony, it not only appeared that the wife had an income of $100 per month, but that the husband was unemployed and had no property or income.

*Judgment affirmed. All the Justices concur.*