Braswell *v.* Braswell.

Duckworth, Justice. 1. The discretion of the trial judge in allowing temporary alimony and attorney's fees will not be disturbed unless it has been flagrantly abused. *Taylor* v. *Taylor*, 189 *Ga.* 110 (2) (5 S. E. 2d, 374); *Burger* v. *Burger*, 196 *Ga.* 428 (26 S. E. 2d, 615).

2. A husband may be decreed to pay reasonable temporary alimony, although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears that he is capable of performing manual labor and earning the usual wages therefor, but not equipped to follow any trade or profession, and at the time of the hearing may have no employment. - *Hall* v. *Hall*, 185 *Ga.* 502, 506 (195 S. E. 731).

3. Upon application of the above-stated principles of law, where to a husband's action for divorce the wife filed an answer and cross-action in which she sought alimony and attorney's fees, and although the uncontradicted evidence at the hearing was that certain real and personal property of the husband was subject to an indebtedness "practically equal" to the value thereof, and that the present income from the property was insufficient to pay the interest on the indebtedness, his testimony as to his inability to labor and earn money was contradicted by the wife, who also testified that he had money all the time, and he admitted that "I have a little cash money now. I made a trip out West recently and spent some money on this trip. I bought an automobile and paid for it cash," under such evidence, it can not be said that the trial judge abused his discretion in allowing temporary alimony of $40 per month and attorney's fees of $75, notwithstanding that the wife, who testified that she owned no property, was operating a small café for her livelihood in a building owned by the husband and to whom she paid a rental of $45 per month.

*Judgment affirmed. All the Justices concur.*

No. 15057. JANUARY 5, 1945.

*R. I. Stephens,* for plaintiff.   *W. C. Brinson,* for defendant.