## CHILDS v. CHILDS.

JENKINS, Chief Justice. 1. An award of temporary alimony and attorney's fees lies within the sound discretion of the trial judge, and will not be disturbed unless such discretion has been flagrantly abused. *Smith* v. *Smith,* 125 *Ga.* 384 (53 S. E. 958); *Brown* v. *Brown,* 159 *Ga.* 323 (125 S. E. 713); *Braswell* v. *Braswell,* 198 *Ga.* 753 (32 S. E. 2d, 773).

2. " 'The order allowing [temporary] alimony shall be subject to revision by the [trial] court at any time.' Code § 30-204; *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415); *Henderson* v. *Henderson,* 170 *Ga.* 457, 460 (153 S. E. 182). If, after an allowance for *temporary* alimony and counsel fees, the husband becomes unable to meet the payments, he is entitled to show this, and the court has jurisdiction to entertain an application for a reduction of the amounts. *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81)." *Taylor* v. *Taylor,* 189 *Ga.* 110 (5 S. E. 2d, 374).

3. A provision for temporary alimony is somewhat different in character and purpose from an award of permanent alimony, inasmuch as it is designed to meet the exigencies arising out of the domestic crisis of a pending proceeding for divorce. Therefore it takes into account the peculiar necessities of the wife, and provides her the means with which to contest all of the issues between herself and her husband. *Twilley* v. *Twilley,* 195 *Ga.* 297, 298 (24 S. E. 2d, 46).

4. It appears from the evidence in the instant case that the husband immediately prior to the award of temporary alimony here complained of was earning a salary of $162.50, before deductions, and he testified that "I am due to get an in-grade promotion with the Veteran's Administration, which will raise my pay $100 a year." It further appears that the husband had been attending evening school and receiving government subsistence in the amount of $37.50 per month, although he testified that he might improve his financial condition by discontinuing evening school and moving to the vicinity of Macon, Georgia. The husband admitted other assets consisting of certain real estate valued at $40, a bank account in the amount of $110, and terminal-leave bonds in the amount of $350. Under the above circumstances, an award of temporary alimony for the short and limited term pending the trial of the case in the amount of $100 per month, and $75 attorney's fees, for the support of the wife, who testified as to being in ill health, and support of their minor child, cannot as a matter of law be said to be a flagrant abuse of discretion by the trial judge, even though the $37.50 for government subsistence be disregarded. And while it is true that such an award might result in exhausting all or part of the assets presently held by the husband, and might for this reason thereafter become excessive, yet under the circumstances existing at the time the award was made, it cannot be said to have been grossly excessive as temporary alimony, and therefore the discretion of the trial court will not be controlled.

*Judgment affirmed. All the Justices concur, except Atkinson and Head, JJ., who dissent, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16012. NOVEMBER 10, 1947.

*John E. Feagin,* for plaintiff in error.
*Wendell J. Helton,* contra.