JACKSON *v.* JACKSON.

CANDLER, Justice. Corine Jackson obtained a total divorce from Joe Jackson on October 15, 1946. The record shows that they had no child or children. Prior to the decree they entered into a written contract respecting alimony, which by their request was incorporated in and made a part of the judgment. The contract provided: "Plaintiff agrees that said payments to her will be in lieu of any and all other claims she may have against defendant for alimony, support, dower, or interest in property, arising out of their marital relationship, excepting $25 for attorney's fees for this suit." Within thirty days from the date of the final decree she filed a motion alleging that the defendant's father, an old man, resided with her, and that the defendant had refused to support

him as he had agreed to do. She also alleged that the defendant had, at the time suit was filed, a 1939-model Ford automobile, worth $900; that she paid about half of the payments on it; that the defendant, after agreeing to pay her a sum equal to half the value of the automobile, had refused to do so. She prayed that she have further judgment in a reasonable sum sufficient to support the defendant's aged and disabled father, and a judgment against him for half the value of the automobile. The exception is to a judgment dismissing the motion because it set forth no sufficient ground for the relief prayed. *Held:*

1. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201.

2. A claim for alimony is different from an ordinary debt. *Garrett* v. *Garrett,* 175 *Ga.* 455 (165 S. E. 230); *Green* v. *Beaumont,* 179 *Ga.* 804 (177 S. E. 572); *Kirby* v. *Johnson,* 188, *Ga.* 701 (4 S. E. 2d, 643).

3. By an act of the General Assembly of 1946 (Ga. L. 1946, p. 90), a verdict or judgment for total divorce and permanent alimony does not become final for thirty days, and during that period, upon application in writing by any interested person, it may be modified or set aside for good and sufficient cause. The motion in the instant case failed to allege any sufficient cause for modification, because the claims asserted could not properly be adjudicated in the instant case, and the court did not err in dismissing the motion for that reason.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16106. FEBRUARY 10, 1948.

*A. G. Smith* and *J. C. Bowden,* for plaintiff.

*John B. Ivins, Hewlett & Dennis,* and *T. F. Bowden,* for defendant.