## Dixon v. Dixon.

Duckworth, Chief Justice. 1. A decree of divorce can not be set aside, under the provisions of the act of 1946 (Ga. L. 1946, pp. 90, 91; Code, Ann. Supp., § 30-101), within the thirty-day period before it becomes final except upon "good and sufficient grounds." *Allison* v. *Allison*, 204 *Ga.* 202 (48 S. E. 2d, 723); *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819).

2. Where one employs counsel to represent him in a divorce action and such counsel agrees with counsel for the opposite party to a decree which is entered by the court, such decree will, in the absence of a violation of express directions by client to counsel, known to the adverse party or counsel, or fraud, accident, or mistake, be binding upon the client. *Wilbanks* v. *Wilbanks*, 159 *Ga.* 196 (125 S. E. 202); *Elliott* v. *Elliott*, 184 *Ga.* 417 (191 S. E. 465); *Howell* v. *Howell*, 188 *Ga.* 803 (4 S. E. 2d, 835). See generally, *Williams* v. *Simmons*, 79 *Ga.* 649 (7 S. E. 133); *Adkins* v. *Bryant*, 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. 211); *Brannan* v. *Mobley*, 169 *Ga.* 243 (150 S. E. 76).

3. Mrs. Clyde Dixon, through her chosen counsel, brought an action for divorce against her husband, Carl Dixon, and he filed a cross-action, and pursuant to an agreement of counsel for both parties a consent decree was entered on March 31, 1948, by the court, presiding without a jury, providing for a divorce on the cross-action of the husband, with the right of each of the parties to marry again, and awarding to the petitioner weekly alimony of $7.50 and the custody of a minor child and certain counsel fees. Thereafter, on April 22, 1948, the wife, through other counsel, filed a written motion to set aside the decree, and on a hearing sustained by proof her allegations that the former counsel did not notify her that the case was on the calendar for trial, though knowing her address and telephone number, that she did not authorize him to consent to weekly alimony of only $7.50, which was insufficient for the support of the child, that the grounds of divorce alleged in the husband's cross-action were untrue, and that she was entitled to a divorce on her petition and did not want one under his cross-action, and she had not had her day in court. Under the above-cited authorities, the court erred in setting aside the decree, since the evidence did not show a violation of any express direction by the wife to her counsel or any fraud, collusion, accident, or mistake between him and the opposite party or his counsel, or any other "good and sufficient grounds" for setting aside the decree.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16300. September 14, 1948. Rehearing denied October 13, 1948.

*Swift Tyler* and *Marvin O'Neal, Jr.*, for plaintiff in error.
*James L. & Will G. Moore*, contra.