ROBERTSON *v.* ROBERTSON.

No. 17378. MARCH 12, 1951.

*G. Dean Carter* and *Howard, Tiller & Howard*, for plaintiff in error.

*Swift Tyler* and *Marvin O'Neal Jr.*, contra.

CANDLER, Justice. Mrs. Miriam N. Robertson brought a suit for divorce and alimony against her husband, Dr. James G. Robertson, on the ground of cruel treatment. She also prayed for the custody and control of their two minor children. Concerning alimony, the petition alleges that neither of the parties has any real estate; that the defendant owns a 1949 Ford automobile, valued at approximately $2000; and that he is a highly educated and successful surgeon, with an unlimited earning capacity. The defendant filed an answer denying all of the al-

legations of the petition charging him with cruelty. He also denied that he owns an automobile. He admitted that he is a surgeon, but said that he is physically unable to carry on the work of his profession because he is presently afflicted with active pulmonary tuberculosis, which he contracted during his military service in the recent World War. He further said that he is a totally disabled World War veteran; and that his only income from any source is $195 per month which he receives from the Veterans Administration as compensation for his injury, which is rated by that agency of the government as total. A jury found that Mrs. Robertson was entitled to a divorce. It also found that she was personally entitled to an award of $100 per month as permanent alimony until she remarries, and a like amount monthly for each of her two children until they reach their thirteenth birthday and, after that $150 per month for each of them until their respective majority or marriage, whichever shall first occur. It also removed the defendant's disabilities. A decree was entered accordingly. Custody of the two minor children of the parties was awarded by the court to Mrs. Robertson. In due time, the defendant filed a motion to set aside the verdict and decree in so far as it related to and made an award for permanent alimony, both as to the plaintiff and their children. As grounds therefor, it was alleged, in substance, that the verdict for alimony was, under the evidence, grossly excessive and therefore illegal; and that the court erred on the trial in admitting, over timely and proper objections, certain testimony with reference to items of money which the defendant had obtained from his mother periodically since 1947. And in that connection it was alleged that this testimony was offered by the plaintiff for the purpose of showing the defendant's income; and since the amounts so received by him from his mother were only temporary loans to him for the purpose of enabling him to meet necessary current expenses, such testimony did not illustrate his ability to pay alimony, and was therefore inadmissible because immaterial, irrelevant, prejudicial, and hurtful to his defense. The motion was not challenged as to form or as to any requirements of the Code. It was contested solely on the merits. After a hearing, the motion was overruled and the defendant excepted.

■ As defined in our Code, § 30-201, "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." The necessities of the wife, when entitled to alimony, and the husband's ability to pay it, are the controlling factors to be considered and followed in making an allowance for alimony, temporary or permanent. *Methvin* v. *Methvin*, 15 *Ga.* 97; *Besore* v. *Besore*, 49 *Ga.* 379; *Hawes* v. *Hawes*, 66 *Ga.* 142; *Melvin* v. *Melvin*, 129 *Ga.* 42, 43 (58 S. E. 474); *King* v. *King*, 170 *Ga.* 291 (152 S. E. 574); *Taylor* v. *Taylor*, 189 *Ga.* 110 (2) (5 S. E. 2d, 374); *Braswell* v. *Braswell*, 198 *Ga.* 753 (2) (32 S. E. 2d, 773). And this court has frequently and consistently refused to put its stamp of approval on awards therefor which were, under the evidence, substantially disproportionate to either. *Pinckard* v. *Pinckard*, 23 *Ga.* 286; *Ayers* v. *Ayers*, 99 *Ga.* 325 (25 S. E. 674); *Johnson* v. *Johnson*, 131 *Ga.* 606 (62 1044); *Davis* v. *Davis*, 138 *Ga.* 8 (74 S. E. 830); *Arnold* v. *Arnold*, 141 *Ga.* 158 (80 S. E. 652); *Potter* v. *Potter*, 145 *Ga.* 60 (88 S. E. 546); *Lightfoot* v. *Lightfoot*, 149 *Ga.* 213 (99 S. E. 611); *Porter* v. *Porter*, 178 *Ga.* 784 (174 S. E. 527); *Weatherford* v. *Weatherford*, 204 *Ga.* 553 (50 S. E. 2d, 323).

■ By an act of the General Assembly of 1946 (Ga. L. 1946, p. 90), a verdict or judgment for divorce and permanent alimony does not become final for thirty days; and, during that period, upon application in writing by an interested person, it may be modified or set aside for good and sufficient cause. Code (Ann. Supp.), § 30-101; *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658); *Jackson* v. *Jackson*, 203 *Ga.* 296 (46 S. E. 2d, 483); *Dixon* v. *Dixon*, 204 *Ga.* 363 (1) (49 S. E. 2d, 818); *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819). In the instant case, the motion alleges that the verdict, in so far as it relates to permanent alimony, is illegal because grossly excessive; and, after carefully looking at the evidence brought up in the record, we have reached the conclusion that it is and that the motion should have been granted on this ground. And that is so because of the following facts which are not disputed: The defendant has no property. He is at present afflicted with active pulmonary tuberculosis. He contracted tuberculosis while in military service, and it has existed continuously since his discharge in 1946.

Though hospitalized frequently, and for rather long periods of time, his disease has not been arrested. Two physicians, whose training and professional standing are not questioned, testified that he is physically unable to carry on actively the work of his profession as a surgeon, and one of them said: "It is my professional opinion that, if Dr. Robertson assumes full-time private practice, his disease will progress and, in a certain period of time, it will be fully grown; by that I mean . . his disease will progress to a terminal end." Both of the physicians testified that "bed rest" was vitally necessary for him. He is rated by the Veterans Administration as presently having a total disability resulting from tuberculosis. He tried to practice his profession in 1949, but soon found that he was physically unable to do so. He receives from the Veterans Administration, as compensation for his injury, rated as total, $195 per month, which amount will shortly be reduced to $181.13 monthly. He has no income other than his disability compensation. Without any obligation on her part to do so, his mother, since 1947, has periodically furnished him money to meet some of his necessary current expensees, but there is no assurance that she can or will continue to make such contributions to him. Under these facts, we hold that the verdict in the instant case awarding, as it did, $300 per month for permanent alimony, which increases after the lapse of a few years to $400 monthly, is grossly excessive; and being so, the defendant's motion to set it aside for that reason should have been sustained by the trial judge.

We will not deal with the other ground of the motion further than to say that temporary loans of money by a mother to her son, as in the circumstances of this case, do not illustrate the latter's ability to pay alimony, and on the next trial of this case, if such evidence is then offered and objected to, it should be excluded. See *Carlton* v. *Carlton*, 44 *Ga.* 216 (2).

For the reason stated above, good and sufficient cause was shown for setting the verdict and decree aside in so far as it made an award for permanent alimony, and the court's refusal to do so was error requiring a reversal of the judgment complained of.

*Judgment reversed. All the Justices concur. Atkinson, P.J., concurs specially.*

690

ATKINSON, P. J., concurring specially. I concur in the judgment of reversal on account of the rulings on the evidence referred to in the second division of the opinion.