## 19077. CONE v. CONE.

CANDLER, Justice. Alleging separation, which occurred during July, 1953, and cruel treatment as her ground therefor, Mrs. Nancy C. Cone sued her husband, Remer H. Cone, for divorce and permanent alimony, both for herself and their three minor children. The defendant answered the petition and thereby denied all acts of cruelty charged by the pleader. He averred no acts of misconduct by his wife. The case was tried by a jury, and a verdict was rendered on February 3, 1955, granting the plaintiff a divorce, awarding certain realty to her as permanent alimony, and fixing $35 per month as support for each of their three minor children, payable monthly until each was 18 years of age. The jury also removed the defendant's disabilities. A judgment was pursuantly entered on February 8, 1955. In due time, the defendant filed a written motion to vacate and set aside the verdict and judgment. His petition alleges that the verdict is without evidence to support it; that it is contrary to the evidence; and that it is against the weight of the evidence, and therefore contrary to law. The petition also alleges that the verdict and judgment should be vacated and set aside because during the trial, certain testimony was improperly admitted and other testimony erroneously excluded; that the judge improperly charged the jury on certain issues and failed to give a proper charge as to others; and that the defendant was, during the trial, led to believe by his attorneys of

record at that time that the real estate which he and his wife jointly owned would not be an issue in the case. The petition also alleges that the movant was not permitted on the trial to introduce all of the evidence which was material and favorable to his case, but the testimony which he was not permitted to introduce is nowhere pointed out in the record. His motion was denied and the exception is to that judgment. *Held:*

1. Under an act which was approved on January 28, 1946 (Ga. L. 1946, p. 90; Code, Ann., § 30-101), a verdict and judgment for divorce and permanent alimony does not become final or of full force and effect until after the expiration of 30 days from the date thereof. During such 30-day period, any person at interest may file a written petition setting forth good and sufficient grounds for the modification or setting aside of such verdict and judgment. See *Robertson* v. *Robertson,* 207 *Ga.* 686 (63 S. E. 2d 876), and citations.

2. In the instant case the parties introduced much evidence, oral and documentary. It covers 86 pages of the record. It shows other separations, another suit for divorce, reconciliations, the defendant's failure to provide an adequate support for his wife and children, repeated acts of misconduct by the defendant after forgiveness, threats by the defendant of personal violence to his wife, and almost continuous marital strife between the parties, due, as we think the evidence shows, to the defendant's ungovernable temper and his unreasonable attitude toward matters relating to the parties' marital status. We deem it unnecessary and will, therefore, not undertake to relate all of the evidence which led up to the final separation between the parties; it is sufficient to say that the jury was fully authorized to find from the evidence that the plaintiff was, in consequence of the defendant's cruel treatment, entitled to a divorce and permanent alimony, both for herself and for the children, and the evidence does not show the award for alimony to be excessive. Hence, there is no merit in the contention that the verdict is not supported by the evidence or that it is contrary to the evidence or against the weight of the evidence, and therefore contrary to law.

3. As shown above, the motion contains several other grounds. We have examined and considered them carefully and agree with the trial judge that none of them shows a good and sufficient ground for vacating and setting aside the verdict and judgment for divorce and permanent alimony in this case.

4. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Submitted September 16, 1955—Decided October 11, 1955.

*E. B. Shaw,* for plaintiff in error.
*John H. Hudson, W. R. Hudson,* contra.