### 32962. MOORE v. MOORE.

NICHOLS, Chief Justice.

This is an appeal by the former husband in a divorce, alimony and child custody case.

1. The first enumeration of error contends the trial court erred in overruling objections and in failing to rebuke counsel or instruct the jury to disregard the argument of appellee's counsel in referring to appellant

and his father in his closing argument that: "Now there's been a lot of talk about Mr. Fred Moore and Rick [appellant] being a multi-millionaire, and Rick Moore being his son, but when you consider this case, you're not ... you're *not supposed to consider* what Mr. Rick Moore is going to have one day. *You don't have to consider* that and I'm not asking you to, but I do want you to consider *in connection with his income the money that the Moores have poured into this marriage.* A house to live in . . . ." (Emphasis supplied.)

Appellant's counsel interrupted with: "Your Honor, I object. When he says the Moores, he's going to have to specify which Moore. Now, anything that Mr. Fred Moore has ever had to do with this is irrelevant and I don't want—I don't want anything about Mr. Fred Moore interjected into this because it has nothing whatsoever to do with it." The trial court overruled this objection.

Code § 30-201 provides: "Alimony is an allowance out of the *husband's estate,* made for the support of his wife when living separate from him. It is either temporary or permanent." (Emphasis supplied.)

In *Robertson v. Robertson,* 207 Ga. 686, 689 (63 SE2d 876) (1951), this court held: "We will not deal with the other ground of the motion further than to say that temporary loans of money by a mother to her son, as in the circumstances of this case, do not illustrate the latter's ability to pay alimony, and on the next trial of this case, if such evidence is then offered and objected to, it should be excluded."

Counsel for the wife asked the jury to consider gifts made to the parties during the marriage. In his argument to the jury counsel for the appellee-wife used language which the jury could infer that they may consider the wealth of appellant's father. This was improper and could have led to the rather large alimony and child support verdict. The trial court erred in overruling appellant's objection to this argument and in not instructing the jury to disregard it. Code § 81-1009.

2. The second and third enumerations of error complain of the excessiveness of the alimony and child support awards and the requirement to maintain hospitalization and life insurance on the children. These

need not be dealt with inasmuch as the verdict may be in a different amount when the case is retried.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1977 — DECIDED JANUARY 24, 1978.

O'Neal, Stone & Brown, Kice H. Stone, Davis, Pridgen & Jones, Verlin Jones, for appellant.

Roberts, Roberts & Rainwater, Lawrence W. Roberts, for appellee.