## Lester vs. Lester.

[Warner, Chief Justice, being engaged as presiding officer of the senate upon an impeachment trial, did not sit in this case.]

There is a reasonable presumption that a husband and father can contribute something to the support of his wife and all his minor children, unless he is unable to work. Where monthly alimony has been allowed, and the husband has ceased to pay one cent, an attachment for contempt may be ordered, to bring the actual resources of the party to a practical and decisive test.

Husband and wife. Alimony. Before Judge Erwin. Clarke Superior Court. February Adjourned Term, 1879.

Mrs. Lester, by petition for rule against her husband, showed that in January, 1879, upon her application based on §1747 of the Code, the court granted an order or decree against her said husband to pay to her $8.33⅓ on the first of each month thereafter for the support of herself and children, who were then living separate and apart from him; that this was done when there was no libel for divorce pending. That respondent, pursuant to such decree, paid to petitioner the first two installments, to-wit: for the months of February and March thereafter, but has failed to pay for the months of April and May in utter contempt of the decree of the court. Wherefore petitioner prayed a rule *nisi*, etc. The rule issued and the respondent set up by answer, in brief, the following facts:

He has no property. He is working at his father's farm, and in consideration thereof the latter boards and clothes him and his two minor children. This consideration is a full equivalent for respondent's labor, if not more, and his father refuses to allow greater wages. He is unable to get better terms from any one else. One of his children, a minor, is still with its mother, but respondent is willing, and here applies, to take said minor, and maintain and educate it properly. One hundred and fifty dollars is as much as he can make per annum by his labor, he paying all of his own expenses, and it is worth that amount to board and clothe deponent and his two minor children. Petitioner is a strong, healthy woman, and able to work. He has had no money with which to pay the alimony ordered, and has none now.

Petitioner traversed the answer of respondent, and testimony was introduced *pro* and *con*, not deemed material here.

The court directed that he pay the alimony as prescribed in the decree, or be imprisoned. To this judgment he excepted.

T. W. Rucker, for plaintiff in error.

Jackson & Thomas, for defendant.

BLECKLEY, Justice.

If a man, though having health, will not work for the support of his wife and minor children, a court cannot assume direct control of his will and muscle and compel him to labor.    To do this would be to reduce him to a sort of juridical slavery, and would contradict the spirit of our institutions.    To be idle (taking the consequences) is one of the privileges of a freeman, unless he is convicted penally of some offense and put to work as a punishment. But while a civil court cannot order an able-bodied man to go to work, it can, in a proper case for alimony, order him to contribute so much money at such and such times to the maintenance of his dependent family, and leave him to provide the money by the free and voluntary exercise of his faculties, mental and physical, or by any other means at his command.    If it is not reasonably and fairly within his power to comply with the order, he may disobey it, and the court must and will excuse him.    But it is not a sufficient excuse to say, "I cannot raise the money unless I work for it," nor, "Although I can raise money by my labor, I cannot save that much over and above my expenses, unless I practice a more rigid economy than is agreeable to me."    I do not mean to suggest that the answer in the present case is to this effect, but only that a man under lawful orders of a court in respect to the support of his family, has no more latitude than one who does his duty without any order.    It is the common practice of husbands and fathers wherever civilization prevails, to supplement or supply deficient pecuniary means of support for their families with their personal exertions, and to so curtail their own expenses as to leave something for the wife and minor children.    Whatever may be the theoretical difficulties of maintaining a family on the labor of one man, with such casual assistance as his wife and young children can afford, practically all such difficulties are overcome so generally that there is a reasonable presumption of the ability of any

Lester *vs.* Lester.

able-bodied husband and father to contribute something to the support of his wife and each minor child. Here there was an entire cessation to respond, with anything, to the order for alimony. The suspension was complete; every cent was withheld. And there was some appearance of doubtful faith in the shape of co-operative dealings with relations. We cannot say that the judge, under the circumstances, abused his authority in not accepting the respondent's answer as satisfactory, and in ordering an attachment for contempt. The attachment will bring the actual resources of the respondent to a practical and decisive test. Pressure is a great concentrator and developer of force. Under the stress of an attachment, even the vision of the respondent himself may be cleared and brightened, so that he will discern ways and means which were once hidden from him, or seen obscurely. It is a great help to do a thing to feel that it must be done, and that there is no evading it. Harsh as was the old remedy of imprisonment for debt, it had this wholesome effect in many cases, and was, so far, a beneficent instrumentality. While the imprisonment which impends over the respondent is not for debt, (9 Reporter, 109; 58 *Ga.*, 300; 59 *Ib.*, 523; 44 *Ib.*, 216,) it can be prevented by the same means as if it were; that is, by payment. In reducing him to the alternative of prompt payment each month or of being attached, the judge has put the respondent on the vantage side of all his resources, whatever they may be. Another consideration to which we look is, that such orders are subject to modification, from time to time; and we will not anticipate that if the respondent really becomes willing to render obedience and proves unable, there will be any further exaction made of him at the expense of his liberty.

Judgment affirmed.