### WRIGHT, comptroller-general, v. BOYD.

SIMMONS, C. J.—Where a judgment of contempt has been rendered by the superior court against one of its officers and the same has not been reviewed and affirmed by the Supreme Court, the lower court, upon a proper case made, may go behind the judgment and look into the truth of the case, and in its discretion re-examine the same. *Kingsbery* v. *Ryan*, 92 *Ga.* 115, and cases there cited.

March 25, 1895. Brought forward from the last term.　　*Judgment affirmed.*

Petition. Before Judge WELLBORN. Lumpkin superior court. April term, 1894.

On April 16, 1894, M. G. Boyd brought his petition alleging as follows: At the October term, 1882, of the superior court, a rule *nisi* was granted against him as an attorney at law, alleging that there had been placed in his hands as such attorney two *fi. fas.* issued by W. L. Goldsmith, comptroller-general of the State, against

T. V. McAfee, defaulting tax-collector of White county, and W. B. Bell, W. A. Reaves and E. P. Williams, sureties on his official bond, for taxes collected for 1877 $656.93, and for 1878 $1,251.89; and that petitioner had collected on said *fi. fas.* $1,423.80, and had paid over $250, leaving a balance of $1,173.80 due the State. The rule *nisi* required petitioner to show cause at the April term, 1883, why a rule absolute should not be granted against him, requiring him to pay over the last named sum to W. A. Wright, comptroller-general. At the October term, 1883, a rule absolute was granted, requiring him to pay to said comptroller-general $1,031.50, and that in default of such payment he be attached as for contempt. The sum of $1,031.50 appears to have been arrived at after deducting certain commissions and charges from said $1,173.80. The last mentioned rule was granted without his having filed any defense or answer, and was to that extent and under that view an *ex parte* proceeding. The reason no defense or answer was filed was, that he was unable to attend to said business, owing to his physical and mental imbecility and infirmity at the time and for long thereafter, and that he was not represented by counsel. Said proceedings brought by the comptroller-general were unauthorized and illegal; they should have been brought by the governor in behalf of the State; but petitioner does not make this claim as a mere technicality and for the purpose of evading the payment of any debt owing by him to the State, and he admits that he was then, and still is, due the State some amount by reason of collections made by him on said *fi. fas.*, but denies that he was or is due the amount for which the rule absolute was taken. It is represented in the rule *nisi* that he had made the following collections: January 30, 1879, $150; June 30, 1879, $225; July 12, 1880, $398.80; October 1, 1880, $100; October 1, 1880, $250; November 2, 1880, $50;

November 3, 1880, $100. In footing up said amounts the total was made to be $1,423.80, whereas it should have been only $1,273.80, being an apparent mistake on the face of the rule *nisi* of $150 against petitioner; and the rule absolute, being for an amount, after allowing proper charges, in excess of the sums stated in the rule *nisi*, is void. The *fi. fa.* for the year 1877 was for the sum of $656.93, as is shown in the rule *nisi*, and in fact that was the true sum for which it should have issued; but from a statement from the comptroller-general's office, the same being a final statement, there is now due for the taxes of said year only $360.39, and petitioner should be credited with the difference between said $656.93 and $360.39, or $296.54. He denies that he has ever collected all of the sums mentioned in the rule *nisi*, but he admits that at the time the rule absolute was granted he was liable to the State for $300 over and above the amount he had accounted for; which sum, with the credit next mentioned, he is willing to pay. On April 27, 1887, an attachment based upon said rule absolute was issued against him, directing the sheriff to proceed unless within sixty days petitioner paid over one fourth of said $1,031.50, or $257.87. He did pay on said attachment $150 on July 12, 1887, and the attachment and all proceedings thereunder have since remained *statu quo*. He desires to obtain his discharge under said rule, and from his indebtedness to the State; and to that end he desires to pay off and satisfy in full any judgment that may lawfully be entered against him. He prays, that said attachment be set aside and annulled, except in so far as to allow him credit for the $150 paid thereon; that the rule absolute be reopened and reviewed, and be regranted for only such sum as shall now appear to be due the State by him; that the solicitor-general representing the State be required so to amend the rule *nisi* and rule absolute as that the same shall proceed in

the name of the governor for the use and in behalf of the State, etc.

Respondent demurred to the petition, on the grounds that it was barred .by the statute of limitations, and that the matters set up therein were *res adjudicata*. The demurrer was overruled, the rule absolute reopened and set aside for future review and reconsideration, and the attachment founded thereon was annulled.

J. M. TERRELL, attorney-general, and HOWARD THOMPSON, solicitor-general, for plaintiff in error.

W. A. CHARTERS, *contra*.