NEWSOME *v.* NEWSOME.

GILBERT, J. The defendant having been called upon to show cause why he should not be adjudged in contempt of court and punished for his failure to pay alimony and attorney's fees, and having filed a sworn answer which is undenied, and having introduced evidence which was uncontroverted, showing his inability to comply with the order to pay alimony and attorney's fees, the court below erred in adjudging him in contempt.        *Judgment reversed. All the Justices concur.*

No. 3566. APRIL 10, 1923.

Attachment for contempt. Before Judge Shurley. Glascock superior court. November 21, 1922.

The court had previously awarded to Mrs. Newsome the sum of fifteen dollars per month as alimony, payable in installments of $7.50 on the first and fifteenth of each month. She prayed for the issuance of a rule nisi requiring M. A. Newsome to show cause for his failure to pay the amounts due September 15th and October 1st, 1922, and, in default of such just and proper cause, that he be attached as for contempt; and that the writ of ne exeat issue, because the defendant had threatened to and was preparing to leave the jurisdiction of the court. Newsome filed a response in which he pleaded, that he had not intentionally disobeyed the

order requiring him to pay alimony; that all of his personal property was under levy; that his land, consisting of one hundred acres, was covered by liens in the form of security deeds for more than its value; that much of the time he is sick and physically unable to work; that he has with him his child, for whom he is caring, sending to school, buying the necessary food, clothing, books, etc., that in his situation it is difficult for him to do this; that he had made no threats nor preparation to leave the jurisdiction of the court, and that this allegation was made for the purpose of prejudicing his rights before the court; that "he is perfectly willing for some good man to be appointed (who will not charge him more than twenty-five dollars, and the reason he names this amount he is not able to pay more in justice to his child and his creditors) to advertise and sell, under the direction of the court, all and each and every kind of his property, and from the proceeds of sale, after paying all his debts that [are] required to be paid before alimony, then the balance that might be left give one half to his wife for her attorney's fees, temporary and permanent alimony, leaving the other half to him and the little boy, Willie Newsome;" that to incarcerate him in jail would result in the total loss of his property, the breaking up of the home left to him, and stopping the child from school.

On the hearing the respondent introduced an affidavit of the sheriff, to the effect that all of the personal property owned by respondent had been levied upon and sold, realizing the sum of $615.49, which would be applied to the two executions under which levy was made, aggregating more than $900. He also introduced an affidavit of a physician, to the effect that Newsome had only one arm; that he was a chronic sufferer from piles; that he had been unable to work for four weeks prior to the making of the affidavit, and should be in bed most of the time, and that the physician was at the time treating him for the disease. Also, an affidavit of a schoolteacher, to the effect that the respondent had supplied his child with school-books, and that the child was doing well in school.

The court held the respondent to be in contempt of court, and ordered that unless within ten days he complied with the order requiring the payment of alimony, or purged himself of the con-

tempt, he should be placed in jail. Error was assigned upon this judgment.

*B. F. Walker,* for plaintiff in error.

*J. B. & T. R. Burnside,* contra.