## DUKE v. DUKE.

ATKINSON, J. Under the pleadings and the evidence the judge was authorized to find that the defendant was in arrears in the payment of alimony and had not made any bona fide attempt to pay the amount awarded against him, and consequently to adjudge him in contempt of court. The judgment ordering the defendant to be incarcerated in the common jail of the county until the further order of the court, unless he should within thirty days pay the amount of alimony due the plaintiff, was authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*

No. 4046. APRIL 16, 1924.

Attachment for contempt. Before Judge Persons. Butts superior court. October 20, 1923.

At the February term 1921, the jury awarded $100 per annum as permanent alimony as long as the plaintiff remained unmarried. On September 29, 1923, the plaintiff petitioned the court to attach the defendant as for a contempt for failure to pay the alimony. It was alleged that the defendant had never paid anything, and that he was due $250. The defendant answered, admitting the award of alimony and that there was due $225, and as excuse for failure to pay alleged: "That in 1920 he [defendant] broke his leg, both bones, one bone in three places, and for a long time he was unable to do anything whatever, and even now his leg is not well and is still swollen. Also, that he has rheumatism; that by reason of the condition of his leg and being afflicted with rheumatism, his ability to labor is very much diminished; that he can only do labor as a farm hand, and is very much limited in the things he can do, and in the amount of labor he can do at the things he can do; that in 1920 he could not do anything whatever, in the first part of 1921 he could not do anything whatever, and was able to do almost nothing at all during 1921, in 1922 and 1923 he was able to do very little, worked when he could by the day, and in 1922 his gross earnings were about $125.00, and in 1923 his gross earnings are about $100.00; that out of these sums he has had to pay his expenses, clothing, etc., except what he has received from charity as follows: in and during the years 1920, 1921, and 1922, Snapping Shoals Masonic Lodge No. 373 F. & A. M. and Snapping Shoals Chapter No. 63 R. A. M., of which he is a member, knowing his misfortune and his needy condition, each gave him about $20.00; that during all these years his doctor's

bills were very heavy and he has not yet fully paid his doctor's bills; that he is still under medical treatment; that his father helps him, and if he did not, defendant would be in need; that after his wife left him, he told her to get all her personal property, which she did, and he gave her quite a lot of personal property belonging to him; that afterwards his wife brought a trover suit in Butts superior court for what personal property he had left, and recovered that, which was delivered to the sheriff for her; that his wife got everything he had; that he now has absolutely nothing, either real or personal property, no money or income, and can make barely enough to live on; that for these reasons, he has not been able to pay said judgment, and is not now able to pay anything; that he is not in contempt of court but is just unable to pay."

At the hearing the following evidence was introduced. (*a*) The sworn answer of the defendant. (*b*) Affidavit of J. M. Duke, as follows: "That he is a resident of said State and county, and is the father of Jesse J. Duke; that said Jesse J. Duke has no property, either real or personal, whatever; that what little he had, his wife, Mrs. Ruby Duke, got, first by what he gave her and aftewards she got what was left by suit; that by reason of losing what he had, by breaking his leg, and general financial and crop conditions, it takes all he can make to live on and hardly enough for that. By reason of having broken his leg and now having rheumatism, his ability to labor has been very much decreased; part of the time he is not able to work, and is limited in the kinds of work he can do. Said Jesse Duke has nothing whatever and no means of making a livelihood except as a common farm laborer, and for the reasons stated can do very little of that." (*c*) Affidavit of Dr. O. B. Howell, as follows: "That he is a regular practicing physician, located at Jackson, Ga., that he knows J. J. Duke; that two years ago he waited on said J. J. Duke for a broken leg; he broke the tibia bone in three places as was shown by X-ray; since that time and now he has been greatly handicapped and able to do very little work, that he is still under his treatment; that he is now affected with rheumatism as the outcome from said injury." (*d*) Affidavit of W. C. Woods, as follows: "That he knows Jesse J. Duke; that he, deponent, is the secretary of Snapping Shoals Lodge No. 375 F. & A. M., of which said Jesse J. Duke

is a member, that said Jesse J. Duke, in 1920, broke his leg and was not able to work for a long time, that by reason of the same and the disastrous, as well as the fact of his wife suing him and getting everything he had, which has been turned over to her, . he (the said Jesse J. Duke) has been in severe straits and had nothing, and said Snapping Shoals Lodge, knowing his condition and needs, contributed to him during the years 1920, 1921, and 1922 about $20.00 as charity; that said Jesse J. Duke now has nothing." (e) Affidavit of J. S. Laster, as follows: "That he knows Jesse J. Duke; that he, deponent, is the secretary of Snapping Shoals Chapter No. 63 R. A. M.; that said chapter has, during the years 1920, 1921, and 1922, contributed as charity about $20.00 to said Jesse J. Duke, he being a member of said chapter; that said Jesse J. Duke in 1920 broke his leg and was not able to work for a long time, and has had trouble with his wife and she has gotten everything he had, and he has been in needy circumstances; that said Jesse J. Duke has nothing." (f) Affidavit of fifty-one persons, as follows: "That they reside in the community in which, Jesse J. Duke lives, and that they know him well; that he is an honest, honorable, upright gentleman, hard-working and industrious; that in June, 1920, he had the misfortune to break his leg very badly, from which he could not walk or work for months; that he stands well in this community."

The plaintiff did not introduce any evidence. The following occurred: "After the defendant had concluded the introduction of his evidence, the court directed him to stand up, and then walk across the floor of the room where the hearing was being held. The defendant, in reply to a question from the court, stated that he had suffered no injury to his leg since it was broken, and that the bones were now healed. He also said that he was thirty-two years of age. His physicial appearance was then commented on by the court as being most excellent, and his clothing was neat and well kept; and he said, in reply to a question from the court, that he was living with his father, and that he had made no effort to get employment elsewhere, except to work by the day at such jobs as he could get. The court then stated that it was his opinion, from the physical appearance of the defendant, that he was not incapacitated for labor, and that it was his duty to support his wife, and that the court would have to require him to do so on the showing as

made, or else have him incarcerated for contempt of court; and thereupon signed the order now complained of." The judge ordered that the defendant within thirty days pay the amount then due, or in default thereof that he be incarcerated in the common jail of the county until the further order of the court. To this order the defendant excepted on the grounds that it was contrary to law and without evidence to support it.·

*H. M. Fletcher,* for plaintiff in error.   *C. L. Redman,* contra.