## BLAIR *v.* BLAIR.

The judgment finding the defendant in contempt for failure to pay alimony, and adjudging that he could purge himself of such contempt by the payment of alimony in arrears, amounting to $200, is without evidence to support it, and is therefore contrary to law.

No. 6319.   APRIL 12, 1928.

Alimony, etc.   Before Judge Howard.   Fulton superior court. September 20, 1927.

*Wright & Davis,* for plaintiff in error.

*Burress & Dillard,* contra.

HINES, J. We think the trial judge erred in committing the defendant to jail for his failure to pay alimony, under the facts disclosed in the record. It is true that the defendant was in default in the payment of alimony to the extent of $200; but in his answer to the contempt proceeding he denied that his default was due to wilful disregard of the alimony decree, and averred that it was the result of his utter inability to pay this arrearage of alimony. He stated the facts. At the time the award of alimony was made he was employed as a prescription clerk, and was earn-

ing $225 per month. After the alimony decree was rendered his employer cut his salary to $150 per month. Being of the opinion that on this reduced salary he could not pay this alimony and support himself and his wife, whom he had married after the divorce decree, he gave up his job and decided he would engage in a drug business of his own. With this object in view he purchased a drug business for $2000, paying thereon $300 in cash, and giving his monthly notes for the remainder of the purchase-money, the seller retaining the title to the business until the full purchase-price should be paid. His present wife advanced him the $300 so paid. He conducts this business with only occasional clerical help, for which he pays by permitting such help to occupy a room in his apartment. This business has not been as remunerative as he anticipated. The gross sales amount to between $500 and $600 per month, of which only one third is net profit. From the net profits he has to pay $50 per month for the rent of his store, $40 on the purchase-price of his business, $20 per month for the rent of his apartment, $17 per month on an incumbrance upon his furniture, $45 per month for groceries, $6 for telephone and $6 for lights. Assuming that his net profits amount to $200 per month, after deducting the above charges there would be left only $16 per month from his net earnings with which to clothe himself and wife and meet other incidental expenses. He offered to pay $50 on this alimony at the hearing, and he testified that he was willing to do all in his power to make payments on this alimony.

In these circumstances it seems to us that the judgment finding the defendant in contempt, of which he could purge himself by paying $200, the amount of arrearage, within ten days, was too harsh. From the testimony he could not possibly raise this sum within the limit fixed, and he would have to go to jail. This would probably result in the destruction of his business and his ability to pay any alimony. It seems to us that it would have been better to accept this offer to pay $50, and to have given him more time for the payment of the past-due alimony, and to have kept the contempt proceeding open for further orders in the matter.

*Judgment reversed. All the Justices concur.*