## WOODARD *v.* WOODARD.

No. 8082. MAY 14, 1931.

*E. L. Stephens,* for plaintiff in error.

HINES, J. On October 29, 1929, Eva Hutto Woodard filed her petition against her husband, Jerry W. Woodard, in which she prayed for permanent and temporary alimony for the support of herself and their only child, who was about two years old. On November 16, 1929, the trial judge, after hearing the case, refused to grant to the wife alimony, but did grant alimony in the sum of $15 per month, payable to the ordinary of the county, for the support and maintenance of said child, and also required the husband to pay $25 as attorney's fee for the prosecution of the case. On February 1, 1930, the husband was adjudged in contempt for failure to comply with the order of the judge requiring him to pay temporary alimony for the support of his child and the attorney's fee; and he was committed to jail until he purged himself of such contempt. On August 29, 1930, the husband applied to the judge of the superior court for a judgment discharging him from confinement in the jail. His application was based upon the allegations that at the time he was adjudged in contempt he was without employment, that he did not own property of any kind or character, that he had no income from any source whatever, and that the only means

which he then had or now has of earning a living is by daily manual labor, for which reason he was unable to comply with the judgment requiring him to pay temporary alimony. In her answer the wife alleged that if the husband was without employment at the time of the judgment of the court adjudging him in default, it was his own fault, for the reason that at that time there was a demand for farm labor in the county, and that if the husband had honestly made an effort to secure work he could have done so. She admitted that he did not own any property. She alleged that he is a man about 30 years of age, healthy and able-bodied, capable of earning as a farm laborer and at labor on public works a sufficient sum to pay for the support of his child. She alleged that the main and sole reason why he had not paid the alimony was on account of his stubbornness and unwillingness to pay anything for the support of his child, he having several times before his confinement declared that he would not pay a penny for the support of his child. She further alleged that if the husband had made the slightest effort to contribute anything to the support of his child, or if he had been in bad health or otherwise unable to perform labor of any kind, she would not have asked the court to adjudge him in contempt for his failure to pay alimony. She further alleged that the husband had told her that it would be a long time before she got a damn cent from him for her support or the support of the child; and he had stated before he was adjudged in contempt that he was not going to work for the purpose of earning money to pay her. After hearing the evidence the trial judge declined to discharge the husband from confinement under the contempt judgment; and to this judgment he excepted.

It is true that where the uncontroverted evidence shows the inability of the husband to comply with an order to pay alimony and an attorney's fee, it is error to adjudge him in contempt, or to keep him confined in jail under an order adjudging him in contempt. *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546) ; *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611) ; *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90). But under the evidence in this case we can not say that the evidence is uncontroverted that the defendant was unable to earn money from which he could contribute to the support of his only child of tender years. It is true that he did not own any property, and that he was out of employment at the time

he was adjudged in contempt and imprisoned until he purged himself of the contempt. It appears, however, that he was a young man, was able-bodied, and that he was capable of earning as much as $20 per month as a farm laborer or as a laborer upon public works. The husband, as we understand the record, does not deny his ability to earn money as a day-laborer. It further appears that he had declared his fixed purpose never to contribute anything to the support of his child of tender years. In these circumstances we can not hold that the judge abused his discretion in declining to discharge the husband from confinement.

*Judgment affirmed. All the Justices concur.*