## SCRUGGS *v.* SCRUGGS.

No. 12063. NOVEMBER 11, 1937.

*J. P. Knight,* for plaintiff in error.
*H. L. Jackson* and *I. H. Corbitt,* contra.

GRICE, Justice. By the verdict of the jury and decree of the court in a divorce case the plaintiff in error was required to pay the defendant in error eight dollars per month as permanent alimony until their child should reach the age of sixteen years, thirty dollars attorney's fees, and twenty-three dollars and seventy-five cents costs of court. The defendant in error instituted against him an attachment in which she alleged that the several amounts required by the decree to be paid by him had only been partially paid, that there was still due on the attorney's fees the sum of eight dollars, that none of the court costs have been paid, and that the eight dollars per month alimony has not been paid since January, 1937; the application for attachment apparently having been presented to the judge on June 1 thereafter. In a response the plaintiff in error admitted he was in arrears, and that he "had not been for some time financially able to pay the $8 per month for the support of said child, he having no job except to work in the little café of his mother, where the income from his labor does not warrant more than is sufficient for his food, and he has no property and no income." After considering the evidence adduced, the court adjudged the plaintiff in error in contempt, and ordered him committed to jail. He excepted.

It is insisted by counsel for the plaintiff in error, that, having introduced evidence, which was uncontroverted, showing his inability to pay the alimony, attorney's fees and court costs, it was error to adjudge him in contempt. For this he cites *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90) ; *Porter* v. *Porter,* 178 *Ga.* 784 (174 S. E. 527) ; *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611) ; *Blair* v. *Blair,* 166 *Ga.* 211 (142 S. E. 743). If the premise be correct, the conclusion is sound; it is error to adjudge one in contempt for refusal to pay alimony when the evidence is uncontroverted that he is unable to pay it. The cases cited by his counsel are easily distinguished from the instant case. In each of them good reasons were shown why the payments had not been made. Here the respondent to the rule merely swore that he is employed in the café of his mother, and that his income is insufficient to enable him to pay, without revealing the amount of those earnings. It did not appear that he had made any effort to obtain other and more profitable employment. He did show that he owned no property. The judge might well have concluded,

under the showing made, that he was able to make those payments, and that his non-compliance with the decree was due to causes other than his inability to pay. Had he been making partial payments from time to time, that might have indicated to the trial court his good faith in attempting to comply. But he has not done this in recent months, though since the final decree he has taken to himself another wife.

It is not always an answer as to why alimony is not paid, that the respondent has no property, or even that he has no income. If by going to work and earning it he can obtain it, he should be made to do so. As was said by Mr. Justice Bleckley in *Lester* v. *Lester,* 63 *Ga.* 356, 358: "If it is not reasonably and fairly within his power to comply with the order, he may disobey it, and the court must and will excuse him. But it is not a sufficient excuse to say, 'I can not raise the money unless I work for it,' nor, 'Although I can raise money by my labor, I can not save that much over and above my expenses, unless I practice a more rigid economy than is agreeable to me.'" And another observation made by Judge Bleckley in the same case is pertinent here: "Whatever may be the theoretical difficulties of maintaining a family on the labor of one man, with such casual assistance as his wife and young children can afford, practically all such difficulties are overcome so generally that there is a reasonable presumption of the ability of any able-bodied husband and father to contribute something to the support of his wife and each minor child. Here there was an entire cessation to respond, with anything, to the order for alimony. The suspension was complete; every cent was withheld. And there was some appearance of doubtful faith in the shape of co-operative dealings with relations. We can not say that the judge, under the circumstances, abused his authority in not accepting the respondent's answer as satisfactory, and in ordering an attachment for contempt. The attachment will bring the actual resources of the respondent to a practical and decisive test. Pressure is a great concentrator and developer of force. Under the stress of an attachment, even the vision of the respondent himself may be cleared and brightened, so that he will discern ways and means which were once hidden from him, or seen obscurely." The case at bar on its facts bears a close resemblance to the case from which the above quotation is taken.

*Judgment affirmed. All the Justices concur.*