## BANKS *v.* BANKS.

No. 12750. MAY 9, 1939. REHEARING DENIED JUNE 16, 1939.

*F. A. Sams* and *Lester Dickson,* for plaintiff in error.
*W. B. Hollingsworth,* contra.

REID, Chief Justice. The plaintiff in error complains of a ruling which adjudged him in contempt for failure to pay temporary alimony which had been awarded against him in favor of his wife, and which ordered that he be confined to jail until certain payments prescribed therein should be made. On the hearing Banks admitted that he had not made any payments of the alimony or attorney's fees previously awarded against him, and for this reason he alleged his financial inability to comply with the order. He contended that he was not able to procure work in addition to what he did as a tenant farmer, and that because of the illness of a daughter he was required to spend a certain amount of time at home in order to care for her. Evidence introduced by him tended in large measure to support his contention. The hearing was in the fall, after the farming season was largely over; and he, his landlord, and some others, testified as to bills which were owing by him, and as to the illness of his daughter. He also testified that he was not able to do hard manual labor. On a counter-showing, there was evidence to the effect that he was well and able-bodied; that he was seen from time to time away from home, attending public functions, riding in his automobile, and that his daughter, whose condition he claimed required his presence at home, was frequently seen going about alone, and apparently did not require his presence.

Financial inability to respond to an alimony judgment is good defense in a contempt proceeding for its enforcement, provided the defendant shows that in good faith and without success he has tried to earn money for its discharge. If the evidence is uncontroverted that he is unable to comply with the order to pay alimony by reason of financial inability, it is error to adjudge him in contempt. *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90); *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611). There is really no serious difficulty about what the correct rule is. See *Pinckard* v. *Pinckard,* 23 *Ga.* 286; *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81); *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546); *Porter* v. *Porter,* 178 *Ga.* 784 (174 S. E. 527). The cases rest upon their facts. The evidence in the present case was close. In passing judgment the judge had the following to say: "The proofs admitted fail to satisfy me that the husband can not comply with the requirement of the court. It does appear that he is a man without property and that he has not been recently engaged in any remunerative work; but it does not satisfactorily appear that he could not procure work, or that he is so disabled that he could not perform any kind of work. The counter-showing made by the wife is more direct and satisfactory on the issue submitted than that offered by the husband." Under the terms of the judge's order the respondent was allowed five days to raise the $10.

From a study of the record we can not say that the judge, having the parties and the facts before him, was not authorized to find that there had been no bona fide effort on the part of respondent to comply with the previous order of the court. While the case on its facts is somewhat different from *Scruggs* v. *Scruggs,* 184 *Ga.* 853 (193 S. E. 865), the legal principles involved are the same. Applying them in this case, and resting the judgment, as was there done, on *Lester* v. *Lester,* 63 *Ga.* 356, we reach the conclusion that the judgment should be      *Affirmed. All the Justices concur.*