## POOLE *v.* WRIGHT.

No. 12855.   JUNE 15, 1939.

*Winfield P. Jones* and *W. F. Brandt,* for plaintiff in error.
*J. Wilson Parker,* contra.

DUCKWORTH, Justice.   William M. Poole Jr. filed his verified petition alleging that on October 19, 1928, a judgment of the superior court was rendered against him and in favor of Mrs. Willie Tom Poole Jr., now Mrs. Willie Tom Wright, for permanent alimony; that on October 13, 1938, he was adjudged in contempt of court for non-payment of the alimony judgment, and was ordered incarcerated in jail and there kept until he paid the alimony judgment, or until further order of the court, the order providing that he might purge himself of contempt by paying $250. He alleged, that he was unable to comply with the order, and was confined to jail; that his failure to comply was not wilful; that he had no funds and had no property, but believed his friends would advance a small sum to pay on the alimony; that if he was released he could possibly earn $7 per week, selling stovewood, and would be able and willing to pay $5 per month on the alimony. The prayer was that he be allowed to pay $50 cash and the balance of the $250 in

. monthly payments of $5, and that upon his payment of $50 he be released from jail. Rule to show cause why the prayer of the petition should not be granted was issued and served. On the hearing the petitioner testified to the truth of all the allegations of his petition. There was no other evidence. Judgment denying the prayers of the petition was rendered. The petitioner excepted, assigning error on the judgment as being an abuse of discretion.

■ The defendant in error makes the contention that the writ of error should be dismissed on the ground that no brief of evidence is contained in or attached to the bill of exceptions. The bill of exceptions contains the following statement: "the only testimony adduced [on the hearing] being that of defendant, that he had no property, was unemployed, and that he could only make payments as specified in his said motion." This was sufficient compliance with the Code, § 6-801 (1). The motion to dismiss is denied.

■ The only question presented by the record is whether or not the judge abused his discretion in denying the prayer for release from imprisonment. It is contended by the defendant in error that the judgment of October 13, 1938, adjudging the plaintiff in error in contempt of court, was an adjudication of his ability to make the payment required therein, and that to entitle him to the relief here sought it would be incumbent on him to show a change of facts subsequently to that order. We can not agree to this contention. In *Carlton* v. *Carlton,* 44 *Ga.* 216, 220, this court said: "It must be remembered also, that the imprisonment by a judge for contempt is always conditional, and is at his discretion, and may at any time, by the same discretion, be discharged. And very clearly it ought never to be resorted to except as a penal process founded on the unwillingness of the party to obey. The moment it appears that there is *inability,* it would clearly be the duty of the judge to discharge the party, since it is only the contempt, the disobedience upon which the power rests." In *Lester* v. *Lester,* 63 *Ga.* 356, the right of the court to punish the defendant in an alimony proceeding for contempt was upheld, but in the opinion it was stated: "If it is not reasonably and fairly within his power to comply with the order, he may disobey it, and the court must and will excuse him. . . Another consideration to which we look is, that such orders are subject to modification, from time to time;

and we will not anticipate that if the respondent really becomes willing to render obedience and proves unable, there will be any further exaction made of him at the expense of his liberty." In *Wright* v. *Boyd,* 96 *Ga.* 745 (22 S. E. 379), this court said: "Where a judgment of contempt has been rendered by the superior court against one of its officers, and the same has not been reviewed and affirmed by the Supreme Court, the lower court, upon a proper case made, may go behind the judgment and look into the truth of the case, and in its discretion re-examine the same." In *Nisbet* v. *Tindall,* 115 *Ga.* 374 (41 S. E. 569), it appeared that Tindall as receiver was ordered to pay into court a large sum of money which came into his possession as receiver and which he had mis-appropriated, and for failure to comply with the order of the court to produce the money he was imprisoned. After repeated attempts to secure his release he made application to the superior court for discharge from imprisonment, and after notice and hearing an order was passed reciting that he had purged himself of contempt by showing that he was unable, by reason of poverty, to restore the money, and adjudging that he be discharged from further custody. Nisbet, the clerk upon whom service of his application had been made, excepted to the order. One of the attacks upon the order was that it was granted in vacation, and that the court was with-out jurisdiction except in term time. This court overruled that ground. Another ground was that the application and evidence did not show that Tindall had been duly punished; and this court held that such a showing was not necessary, and quoted from *Ryan* v. *Kingsbery,* 89 *Ga.* 228 (15 S. E. 302), as follows: "Inasmuch as it is contrary to the spirit of the constitution and laws of this State to detain any person in prison who is unable by reason of his poverty to pay money into court or deliver the same to a receiver, and inasmuch as no person should be so detained if there is ground for any reasonable doubt of his ability, the doctrine of res ad-judicata can not be invoked or used to make imprisonment per-petual." And in further support of its ruling this court quoted from *Kingsbery* v. *Ryan,* 92 *Ga.* 108 (17 S. E. 689), as follows: "To guide the discretion of the court in administering remedial punishment, the term of which is not fixed by law, all pertinent facts may be adduced and considered, no matter whether they be consistent or inconsistent with a previous judgment in the same

or in any other case. The conscience of the court may seek light wherever it is to be found. The element of conclusiveness in the judgment does not extend to the duration of the imprisonment. If so, the imprisonment might be perpetual." It seems therefore that there exists no doubt of the right of the plaintiff in error to make the application here involved, and the order adjudging him in contempt in no wise limits or restricts his right to a full hearing and adjudication upon the merits of the present application. This court recognized this right of one imprisoned for contempt in *Woodard* v. *Woodard,* 172 *Ga.* 713 (158 S. E. 569), and *Heflinger* v. *Heflinger,* 172 *Ga.* 889 (159 S. E. 242, 76 A. L. R. 386).

In *Heflinger* v. *Heflinger,* supra, this court said: "Where the uncontroverted evidence shows the inability of the husband to pay the judgment awarded his wife for permanent alimony, it is error to adjudge him in contempt or to keep him confined in jail under an order adjudging him in contempt," citing, in support of this ruling, *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546) ; *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611) ; *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90) ; *Blair* v. *Blair,* 166 *Ga.* 211 (142 S. E. 743) ; *Woodard* v. *Woodard,* supra. Under this rule, there being no conflict in the evidence produced by the plaintiff in error on the hearing, and all the evidence, consisting of applicant's testimony and his verified petition, showing that he possessed neither money nor property with which to pay the amount required by the order of the court in order to purge him of contempt, it was error for the judge to deny his petition and refuse to order his release from prison. *Judgment reversed. All the Justices concur.*