SNIDER *v.* SNIDER.

No. 13137. MAY 15, 1940. REHEARING DENIED JUNE 14, 1940.

*Casey Thigpen,* for plaintiff in error. *J. C. Newsome,* contra.

BELL, Justice. Whether in view of other features of the response it might have been considered as evidence *against* the defendant (Code, §§ 38-402; 81-308; *White Sewing Machine Co.* v. *Horkan,* 7 *Ga. App.* 283 (2), 66 S. E. 811), it was not so verified as to have any probative value in his favor, although introduced in evidence by him. *Byrd* v. *Prudential Insurance Co.,* 182 *Ga.* 800 (187 S. E. 1); *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (2) (3 S. E. 2d, 649). The case may therefore, without harm to the defendant, be treated

as though the response was not introduced, and it will be so treated in the remainder of this opinion.

Proof by a husband of his inability to comply with a judgment for alimony is of course a good defense to a rule for contempt. *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90); *Lightfoot* v. *Lightfoot,* 149 *Ga.* 223 (99 S. E. 611); *Porter* v. *Porter,* 178 *Ga.* 784 (174 S. E. 527). "This does not mean that it is sufficient for the defendant to show merely that he has not money, or property which he might convert into money, with which to satisfy the alimony installments, but it must be made to appear clearly that he has in good faith exhausted all the resources at his command and has made a diligent and bona fide effort to comply with the order of the court." *Reese* v. *Reese,* 189 *Ga.* 314 (5 S. E. 2d, 777-778). The defendant testified that he is not "able to work at all," but the physician who examined him and whose affidavit was introduced in evidence stated only that he is unable to do *manual labor.* It can not be said, therefore, that the evidence showed conclusively that the defendant was physically unable to do any kind of work whatever, especially as he appeared before the court as a witness and the judge was thus afforded an opportunity to observe his appearance and to consider such mental and physical strength as he may have shown upon the trial. Compare *Duke* v. *Duke,* 157 *Ga.* 899, 901 (122 S. E. 685); *Rawlins* v. *State,* 124 *Ga.* 31 (19) (52 S. E. 1); *Brantley* v. *State,* 133 *Ga.* 264 (4) (65 S. E. 426). The defendant testified that he used to be a telegraph operator, but that the railroad is "junked" now and he can not obtain employment in that line. He did not testify that he is unable to obtain any other kind of work. Mrs. Snider testified: He "was able to work before we separated five years ago, but was not so fond of it. He looks to be as able to work now as he was then. He looks now just like he did five years ago, except a little thinner in the face." Even if it be true that the defendant is unable to do "manual labor," it does not necessarily follow that there is no kind of work whatever that he might find and be able to do, for the purpose of supporting himself and contributing the small sum of $6.50 per month toward the support of his own minor daughter, as a jury of his peers concluded he should do. In all the circumstances, this court can not say that the trial judge was bound to find that he had in good faith exhausted all the resources at his command or

had made a diligent and bona fide effort to comply with the order of the court. See, in this connection, *Lester* v. *Lester,* 63 *Ga.* 356; *Scruggs* v. *Scruggs,* 184 *Ga.* 853 (193 S. E. 865); *Banks* v. *Banks,* 188 *Ga.* 181 (3 S. E. 2d, 717).

In reaching this conclusion, we do not deem it necessary to consider whether the evidence of the wife as to the *financial* condition of the husband as it existed several years previously tended in any manner to rebut his contention as to present poverty; nor do we determine the effect of the judge's statement that "there is no material difference between the evidence adduced in the case above cited [182 *Ga.* 701] and the case now before the court." But see *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (28 S. E. 154). Regardless of these questions, the judgment making the rule absolute appears to have been authorized. As to finality of the judgment as against future modification, see *Potter* v. *Potter,* 145 *Ga.* 60, 65 (88 S. E. 546); *Blair* v. *Blair,* 166 *Ga.* 211 (142 S. E. 743); *Reynolds* v. *Reynolds,* 150 *Ga.* 667 (104 S. E. 638), and especially *Poole* v. *Wright,* 188 *Ga.* 255 (2) (3 S. E. 2d, 731).

*Judgment affirmed. All the Justices concur, except Duckworth, Justice, who dissents.*