### ESKEW *v.* ESKEW.

ATKINSON, Presiding Justice. 1. In the contempt proceeding based on failure to pay permanent alimony as provided in a decree based on a consent verdict, there was no exception to the ruling of the judge that on the admissions of the defendant's attorney in open court the burden of proof as to the defense pleaded was on the defendant.

2. The pleadings and evidence and assignment of error did not raise a contention, mentioned for the first time in the brief for the plaintiff in error, that respondent had all of October, 1940, in which to pay alimony for that month, and consequently he could not be in contempt before the end of the month.

3. On the assumption of the burden of proof and conflicting testimony, and the circumstances of the parties, the judge was authorized to find against the alleged defense in the contempt proceeding as to cohabitation by the plaintiff with the man in question, and in favor of the plaintiff on the question of intentional disobedience of the decree for permanent alimony. Accordingly there was no error in adjudging the respondent in contempt of court.

   (*a*) The controlling question in the case is one of fact, which is disposed of adversely to the plaintiff in error by the foregoing ruling.

   (*b*) The rulings above announced are not opposed to the Code, § 30-217, providing that "voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for

permanent alimony," or the decisions in *Blair* v. *Blair*, 166 *Ga.* 211 (142 S. E. 743), holding, under a different state of facts, that the judgment was unauthorized by the evidence, and *Henderson* v. *Henderson*, 170 *Ga.* 457 (153 S. E. 182), holding in a subsequent proceeding that the judge has not a discretion to revise a verdict and decree granting permanent alimony, to which no exception was taken.

*Judgment affirmed. All the Justices concur.*

No. 13598. MAY 14, 1941.

H. A. *Allen,* for plaintiff in error.

H. W. *McLarty, Louis M. Tatham, L. H. Glore,* and *Homer A. Glore,* contra.