BOYETT *v.* BOYETT.

No. 13811.   JULY 8, 1941.

*Pope & Baker,* for plaintiff in error.   *G. Maynard Smith,* contra.

DUCKWORTH, Justice.   "Where on application to be released from jail on a contempt charge the uncontradicted evidence shows the inability of applicant to comply with the order of court, it is ·an abuse of discretion to deny the prayers of the petition." *Poole* v. *Wright,* 188 *Ga.* 255 (3) (3 S. E. 2d, 731).   We think, on a test of whether or not the husband in the present case was in contempt of court, his ability to obey the order should be measured by the language of the above quotation, to wit, "inability of applicant to comply with the order of court;" and that his ability depends not alone upon his present property or income but also his ability by reasonable effort to comply with the order.   Counsel for the plaintiff in error rely upon *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90), and *Porter* v. *Porter,* 178 *Ga.* 784 (174 S. E. 527), to support the argument that under the evidence in this record it was an abuse of discretion to hold the husband in contempt of court.

In the former case the evidence showed that the sheriff had sold all of the personal property belonging to the defendant for $615.49, and that the two executions under which the sale was made aggregated $900. A physician testified that the defendant had only one arm; that he suffered from chronic piles; that he had been unable to work for a number of weeks; and that the physician was at the time treating the defendant, who ought to be in bed. There was one child in that case, and the husband was supporting it and keeping it in school; and in his response he proposed to have the equity in all of the property which he possessed sold under order of court, and the receipts therefrom divided between his wife on the one hand and him and his child on the other. Obviously the defendant there had done all that he could, and was at the hearing manifesting a willingness to comply with the order of the court. In the other case relied on by the plaintiff, as reported, the facts are not given; but we have examined the record in this court, and find that in some respects it was similar to the case under consideration. The husband testified that he was twenty years of age and living with his father on a farm, that his father was unable to pay for his services more than his board and lodging; but he went further and testified that he had never engaged in any kind of work except farming, and was wholly unfit to perform any other kind of work; that upon investigation he had found that should he accept employment on a farm other than with his father he would be paid at a rate of wages less than sufficient to pay for his board and lodging; and that he had no property or money. Thus his inability to comply with the order was established on the hearing. In the present case the defendant, although ordered to show cause why he should not be held in contempt of court, admitted his failure to comply with the order, and rested his case without attempting to show that he could not do other work than farming or that he could not procure profitable employment on a farm; and in addition he testified that he had made no attempt to obtain other employment. Clearly his testimony shows a total lack of effort on his part to comply with the court's order, and destroys his assertion that he had no purpose or intention whatever of being in contempt of court. On the evidence produced the case differs from *Poole* v. *Wright*, supra, where the defendant showed his inability to obtain employment. Under the evidence in the present case the judge was authorized to

find that the defendant had made no bona fide attempt to comply with the order to pay alimony. *Andrews* v. *Andrews,* 169 *Ga.* 97 (149 S. E. 870) ; *Huddleston* v. *Huddleston,* 189 *Ga.* 228 (5 S. E. 2d, 896) ; *Burkhalter* v. *Burkhalter,* 189 *Ga.* 344 (6 S. E. 2d, 299) ; *Scruggs* v. *Scruggs,* 184 *Ga.* 853 (193 S. E. 865).

*Judgment affirmed. All the Justices concur.*