ARNOLD *v.* ARNOLD.

BELL, Presiding Justice. 1. A husband is not relieved of liability to comply with an order for the payment of alimony merely because he has no property, and is not employed; but his ability to labor and his opportunity to find employment should also be considered.

2. That a man is mentally and physically disqualified for military service, and for this reason has been rejected by the military authorities, does not show conclusively that he is so incapacitated that he may not earn something for the support of his wife and infant child; and this is true although it may also appear that he is not able to work regularly or to do "a full day's work" at any one time.

3. Where, as a reason for failure to pay alimony as ordered, the husband claims that he is unemployed and can find no employment, his diligence in seeking employment will ordinarily present an issue of fact for determination by the trial judge.

4. In the instant case the evidence did not show conclusively and as a matter of law that the defendant was unable to comply with the order requiring him to pay $2.50 per week as temporary alimony for his wife and infant child; and consequently the judgment holding him in contempt can not be disturbed by this court.

5. In connection with the foregoing rulings, see *Scruggs* v. *Scruggs,* 184 *Ga.* 853 (193 S. E. 865); *Huddleston* v. *Huddleston,* 189 *Ga.* 228 (5 S. E. 2d, 896); *Reese* v. *Reese,* 189 *Ga.* 314 (5 S. E. 2d, 777); *Burk-*

*halter* v. *Burkhalter,* 189 *Ga.* 344 (6 S. E. 2d, 299) ; *Snider* v. *Snider,* 190 *Ga.* 381 (9 S. E. 2d, 654) ; *Boyett* v. *Boyett,* 192 *Ga.* 604 (15 S. E. 2d, 871).                    *Judgment affirmed. All the Justices concur.*

No. 14367.   JANUARY 14, 1943.

*A. M. Zellner,* for plaintiff.
*Williams & Freeman,* for defendant.