JOHNSON *v.* JOHNSON.

No. 17316. JANUARY 11, 1951.

*Bell & Bell,* for plaintiff in error.

*Grady Gillon* and *Thomas A. Jacobs,* contra.

HEAD, Justice. In *Poole* v. *Wright,* 188 *Ga.* 255 (3 S. E. 2d, 731), this court, in reversing the judgment of the lower court, holding the plaintiff in error in contempt for failure to pay alimony, reviewed many of the rules and statements of former decisions by this court. In the opinion prepared by Mr. (Chief) Justice Duckworth for the court in the *Poole* case, there is quoted with approval from *Lester* v. *Lester,* 63 *Ga.* 356, with reference to the ability of the husband to pay temporary alimony, the following: "If it is not reasonably and fairly within his power to comply with the order, he [the husband] may disobey it, and the court must and will excuse him."

In the present case the evidence is without conflict on the material questions. The husband testified that his real estate was mortgaged for $6500, its approximate worth, and that, although it was advertised for sale by a real estate agent, he was unable to procure any offer for it above the amount of the mortgage. The wife's statement that the property was worth $9000 was not supported by any facts and was nothing more than a conclusion. As to his personal property, the husband testified that it was mortgaged for its value, and that at the time he was in the hospital he surrendered the key to his automobile and possession of other mortgaged personal property, on the representations of the company holding the mortgage that it had a right to take possession. From the husband's testimony it appears that at the time he was brought into court on the wife's application for temporary alimony, he was brought from the hospital, where he was under treatment for an ulcerated stomach. His physician made an affidavit, after the rule nisi citing the husband to show cause why he should not be attached for contempt (the rule being issued on August 7), which stated that

it was for the purpose of being considered in the hearing on August 18. The hearing was postponed until August 25. In the affidavit the physician stated that, on July 8, the husband was suffering from ulcerated stomach, that at the time he was admitted to the hospital he was hemorrhaging, that he had been under the care and treatment of the physician, and that the husband would not be able to perform any work for a period of thirty days. Under the testimony of the physician, the husband was disabled from performing any work for several weeks prior to the judgment awarding temporary alimony, and was still unable to perform any work when the case was heard on August 25, on the rule nisi to show cause why he should not be attached for contempt. The husband did testify that he was to go to work on August 25 for the Mulberry Market, for 75c per hour, to wrap and sell meat, that he had a job there on Fridays and Saturdays, and would make $15 for two days. He stated that, since the hearing on the application for temporary alimony, the only money he had was that given him by his brother, that his living expenses, room, meals, and medicine had been paid for by his brother, but that his brother had not given him any money that week and his room rent was due on that date. The only other personal property which the husband was shown to have owned, and from which any money might have been realized to apply on the alimony judgment, was the remainder of a small stock of goods, which the wife took possession of and sold for $45.

From the facts appearing in this record, it can not be said that the husband had it "reasonably and fairly within his power to comply with the order" of the judge of the superior court, and the judgment finding him in contempt of court must be reversed.

*Judgment reversed. All the Justices concur.*